Loren N. Brown, J.
The plaintiff is an assignee for value of an installment loan contract executed by the defendants and the plaintiffs assignor. The contract, which provided for certain home repairs to be made upon defendants’ premises by the plaintiffs assignors, was the subject of an action brought by the State of New York against the assignor in Supreme Court, Albany County; the plaintiff, assignee, was not a party to this action.
Defendants now move for summary judgment relying principally upon section 403 of the Personal Property Law, and the determination made against plaintiffs assignor, in a matter entitled People v Taillon, (May 14, 1976, Williams, J., Supreme Ct., Albany County). As a result of the afore-mentioned Supreme Court determination, the contract between plaintiffs assignor and the defendants was determined to be null and void.
Relying upon section 403 of the Personal Property Law, the defendants now aver that the plaintiff, as assignee, is subject to the same defenses that could be asserted against its assignor. Defendants, therefore, assert that the determination made in Supreme Court declaring the contract between the defendants and plaintiffs assignor null and void is a valid defense to the plaintiffs cause of action, and that by virtue of *286 the collateral estoppel provided for in section 403 of the Personal Property Law, the plaintiff’s claim must fail as a matter of law.
The plaintiff asserts that it was not a party to the Supreme Court action, and is therefore not bound by the judgment rendered therein. This court disagrees with that contention. The defendants in the instant action would have had a valid defense to an action brought by plaintiff’s assignor by virtue of the Supreme Court determination, and the plaintiff, as assignee, pursuant to section 403 of the Personal Property Law must confront defendant’s assertion of that undisputed defense.
Both parties cite the case of Nassau Discount Corp. v Allen (44 Misc 2d 1007, revd 47 Misc 2d 671). In the Nassau Case which was analogous to the instant case the trial court granted summary judgment but the Appellate Term determined that the plaintiff was a "holder in due course” and reversed the trial court’s determination. That Appellate Term decision was made prior to the adoption of section 403 of the Personal Property Law (as amd by L 1970, ch 299, eff Feb. 1, 1971) wherein consumers were given protection by substantial elimination of the formerly established position of a "holder in due course”.
With the demise of the "holder in due course” doctrine in most installment sales contracts also goes the objection that the Supreme Court, Appellate Term, Second Department, had to the lower court’s granting a summary judgment in the Nassau case (supra). This court concludes that if section 403 of the Personal Property Law had existed in its present form at the time of the Nassau determination, the summary judgment granted by the trial court would have been affirmed by the Appellate Term (see Mills Factors Corp. v Byas, 65 Misc 2d 904).
In conclusion, this court finds that there are no triable issues of fact and that as a matter of law the undisputed defense available to the defendants against the plaintiff precludes the necessity of trial; therefore the defendants are entitled to the harsh remedy of summary judgment.