OPINION OF THE COURT
Chief Judge Cooke.
The ultimate issue presented is whether the grant of summary judgment in favor of defendants was proper. The courts below reasoned that the judgment in a consumer fraud action prosecuted successfully by the Attorney-General against plaintiff’s assignor collaterally estopped plaintiff from raising certain matters determined there in this subsequent litigation. We hold to the contrary, since the assignment to plaintiff was made prior to the initiation of the Attorney-General’s suit and therefore plaintiff was not privy to that judgment and is not bound by its terms.
*484 In August, 1974, defendants Barbara and Louis Lopez purchased vinyl siding for their home in Saratoga County from two men who claimed they were the principals of Vinyl Engineering, Inc., a concern affiliated with the B.F. Goodrich Company. To finance the purchase, defendants entered into a retail installment contract with Vinyl Engineering and gave a mortgage on their home as security for the purchase price. Vinyl Engineering then assigned the contract and mortgage to Home Investors Trust, plaintiff’s predecessor in interest, in September, 1974.
Almost two years after the assignment from Vinyl Engineering to plaintiff, the Attorney-General commenced a consumer fraud action pursuant to subdivision 12 of section 63 of the Executive Law in Supreme Court, Albany County, against a number of home solicitation sales firms, including plaintiff’s assignor and its principals. Neither Vinyl Engineering nor its principals appeared in that action and a judgment was subsequently entered enjoining them from soliciting or making any further sales of siding in the State. Significantly, the judgment specifically declared void a number of contracts, including the one between Vinyl Engineering and defendants (Matter of State of New York v Taillon, Supreme Ct, Albany County, June 14, 1976, Williams, J. [No. 4837-76]).
This action by plaintiff seeking to recover moneys allegedly due on the installment sales contract was commenced during the pendency of the consumer fraud action. Defendants appeared and asserted a number of affirmative defenses, inter alia: that Vinyl Engineering fraudulently induced them to enter into the contract and mortgage; that fraudulent representations were made as to the quality of the siding; and that the finance charges were so onerous as to render the contract unconscionable. Following entry of judgment in the consumer fraud action, defendants moved for summary judgment and dismissal of the complaint. This request for relief was grounded on the theory that the judgment in the consumer fraud action voiding the contract between defendants and Vinyl Engineering collaterally estopped plaintiff from maintaining that the contract was enforceable. Saratoga County Court granted defendants the relief requested (89 Misc 2d 285) and the Appellate Division affirmed, without opinion (59 AD2d 1069). We granted leave to appeal to consider the collateral estoppel effect of a judgment or decree as against an assignee where the rights of the assignee have vested prior to the *485 commencement of the action against the assignor (see 43 NY2d 647).
 Collateral estoppel, together with its related principles, merger and bar, is but a component of the broader doctrine of res judicata which holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action (Matter of Shea, 309 NY 605, 616; cf. Matter of McGrath v Gold, 36 NY2d 406, 410-411). This principle, so necessary to conserve judicial resources by discouraging redundant litigation, is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again (B. R. DeWitt, Inc. v Hall, 19 NY2d 141, 144; Good Health Dairy Prods. Corp. v Emery, 275 NY 14, 18). Collateral estoppel is a corollary to the doctrine of res judicata; it permits in certain situations the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided (Statter v Statter, 2 NY2d 668; Siegel, New York Practice, § 464, p 614; 9 Carmody-Wait 2d, NY Prac, § 63:204, pp 208-209; cf. Ashe v Swenson, 397 US 436, 443).
As the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party not be precluded from obtaining at least one full hearing on his or her claim. Although the previous requirement that there be mutuality of estoppel is now a "dead letter” (see Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 70), the party seeking to invoke the benefits of the principle must still prove two necessary elements. First, it must be shown that the party against whom collateral estoppel is sought to be invoked had been afforded a full and fair opportunity to contest the decision said to be dispositive of the present controversy. Additionally, there must be proof that the issue in the prior action is identical, and thus decisive, of that in issue in the current action (24 NY2d, at p 71, supra).
One of the fundamental principles of our system of justice is that every person is entitled a day in court notwithstanding that the same issue of fact may have been previously decided *486 between strangers. Generally, therefore, a person may not be precluded from litigating issues resolved in an action in which that person was not a party (see Blonder-Tongue v University Foundation, 402 US 313, 339; Hansberry v Lee, 311 US 32, 40; Dull v Blackman, 169 US 243, 248). Considerations of due process prohibit personally binding a party by the results of an action in which that party has never been afforded an opportunity to be heard (Postal Tel. Cable Co. v Newport, 247 US 464, 476). This prohibition, of course, is not unconditional and identity of the parties, as opposed to identity of the issues, is not an absolute.
Thus, it is well settled that the term parties to a judgment within the contemplation of the rule of collateral estoppel is not confined to those who are named in the record or enter an appearance. Yet, although the party sought to be collaterally estopped in the current action need not have been the one for or against whom judgment was rendered in the previous action, the relationship does bear a critical significance. For example, collateral estoppel bars not only parties from a previous action from litigating an issue decided therein, but those in privity with them as well (Downey v Seib, 185 NY 427, 433). The underlying question in this case, therefore, is whether plaintiff, which received an assignment from Vinyl Engineering prior to the institution of the consumer fraud action against its assignor is a privy to the judgment rendered in the previous action. In this context, it has been observed that privity is an amorphous term not susceptible to ease of application (Watts v Swiss Bank Corp., 27 NY2d 270, 277). However, the term does denote a mutually successive relationship of the same rights to the same property (see Downey v Seib, supra; Bigelow v Old Dominion Copper Co., 225 US 111, 129), and permits utilization of collateral estoppel for the benefit of or against persons who were not parties to the previous action but who were connected with it to such an extent that they are treated as if they were parties. The crucial inquiry focuses upon the juncture at which the relationship between the party to the first action and the person claimed to be his or her privy is established.
 In the assignor-assignee relationship, privity must have arisen after the event out of which the estoppel arises. Hence, an assignee is deemed to be in privity with the assignor where the action against the assignor is commenced *487 before there has been an assignment. In that situation, at the time the assignee succeeded to the rights of the assignor, the subject matter of the assignment was then embroiled in litigation and was subject to the claims of third parties and the assignee is charged with notice that his rights to the assignment are subject to competing claim. Conversely, an assignee is not privy to a judgment where the succession to the rights affected thereby has taken place prior to the institution of the suit against the assignor (Masten v Olcott, 101 NY 152, 161; Matter of Commercial Cas. Ins. Co. v Tremaine, 257 App Div 536, 538-539, mot for lv to app den 281 NY 885; Dull v Blackman, 169 US 243, 248, supra; Restatement, Judgments 2d, § 90, Comment f [Tent Draft No. 3]). In the present case, since there is no dispute that the assignment was made well before commencement of the consumer fraud action against plaintiff’s assignor, plaintiff is not bound by the terms of that judgment.
Finally, we note that defendants’ principal reliance on subdivision 5 of section 403 of the Personal Property Law is misplaced. That statute provides in relevant part that "the assignee of a retail installment contract or obligation shall be subject to all claims and defenses of the buyer against the seller arising from the sale notwithstanding any agreement to the contrary”. Both its express terms and legislative history (see Governor’s Memorandum of Approval, NY Legis Ann, 1970, p 490), make plain that section 403 was enacted to remove the frequently asserted holder in due course defense from the field of consumer credit sales. Thus, while the statute certainly permits defendants to assert against plaintiff any defenses they may have against Vinyl Engineering, it works no change on any of the traditional principles of collateral estoppel or res judicata or in the requirement that defendants prove the defense thus made available to them.
Accordingly, the order of the Appellate Division should be reversed, with costs, defendants’ motion for summary judgment denied and the case remitted to Saratoga County Court for further proceedings on the complaint.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur with Chief Judge Cooke.
Order reversed, etc.