■ In the Matter of the Arbitration between LAKESIDE HOSPITAL, as Assignee of BERNICE DINGLE, Appellant, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, entered September 8, 1978, which granted the application. Judgment reversed, on the law, with $50 costs and disbursements, proceeding dismissed and the parties are directed to proceed to arbitration forthwith. Bernice Dingle was injured in a motor vehicle accident while a passenger in a car owned by respondent's insured. She assigned her claim for hospital expenses under the insured's no-fault policy to the appellant hospital which notified respondent of the assignment and demanded payment of the claim. Thereafter, Dingle made a separate claim for hospital and medical benefits under the policy. Both claims were denied by respondent, which claimed that the policy had been canceled because of the nonpayment of the premium before the accident occurred. Dingle proceeded to arbitration on her claim. She failed to appear at the arbitration hearing, however, and the arbitrator, on the basis of evidence presented by respondent, determined that the policy had been properly canceled. In the meanwhile, appellant had made its own demand for arbitration, and an arbitrator had been appointed, without objection. By the time the hearing on appellant's claim took place, the arbitrator's decision on the Dingle claim had been rendered. Respondent contended that appellant's claim was precluded by the Dingle decision, but it nonetheless participated in the arbitration hearing, at which evidence on the issue of coverage was presented. After the arbitration hearing was adjourned on consent so that documentary evidence concerning the notice of cancellation could be obtained, respondent commenced the instant proceeding seeking to stay the arbitration on the ground that it was barred by res judicata. Special Term erred in granting the petition. Since respondent participated in the arbitration hearing it was not entitled to relief under CPLR 7503 (subd [b]). In any event, neither res judicata nor collateral estoppel is applicable to the arbitration at issue. It is uncontroverted that respondent was notified of the assignment of hospital expense benefits before the assignor made her demand for arbitration. Consequently, appellant, as assignee, was not bound by the results of the Dingle arbitration, to

which it was not a party (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481). Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.