■ DONALD H. CHRISTMAN, Respondent, v WILLIAM C. STARR, Appellant. (And Another Action.)—Appeal from an order of the Supreme Court at Special Term, entered July 23, 1979 in Albany County, which granted plaintiff's motion for the joinder of the above actions for trial and denied defendant's cross motion for an order dismissing the second action. In 1961, the parties entered into a partnership under the name of "The Quality Bulb and Garden Center" for the purpose of the sale of lawn and garden equipment and supplies and the sale of plants. In 1967, the parties and a third person formed a corporation named Lansco, Inc., for the purpose of engaging in the landscape service business, and the plaintiff became employed by Lansco, Inc. On November 2, 1967, the parties entered into an agreement for the dissolution of the partnership, whereby defendant was to purchase the interest of plaintiff for the sum of $46,000. Plaintiff was paid $21,000 at the time of the dissolution. This agreement also provided that plaintiff would not "directly or indirectly, carry on or be engaged in, either as principal, clerk or agent, singly or with others, in the business of selling and distributing garden supplies, garden tools and equipment, buying and selling landscape items, or to engage generally in the business of a garden supply house or any other business of similar nature related thereto, within a radius of fifty (50) miles of the present business office * * * for a period of five (5) years from the date of this agreement". On December 30, 1967, the parties entered into an agreement modifying the dissolution agreement to provide that $25,000 of the purchase price be paid pursuant to a bond, secured by a mortgage, requiring five annual $5,000 installments. The partnership was dissolved as of December 30, 1967, and plaintiff continued to be an employee of Lansco, Inc., until February, 1969 when he commenced his own landscaping business under the name of Don Christman, Inc. Defendant made the first payment of $5,000 on the bond and mortgage on January 15, 1969, but refused to make further payments, alleging that the covenant not to compete had been breached by plaintiff. Plaintiff then commenced an action on the bond to recover the unpaid balance of $20,000. Defendant answered and counterclaimed, seeking damages for the breach of the covenant not to compete and for failure of consideration. After a trial by the court, without a jury, judgment was awarded to plaintiff and defendant's counterclaim was dismissed. Defendant appealed to this court which affirmed the judgment by a vote of 3 to 2. The dissenters voted to reverse the judgment dismissing the counterclaim and order a new trial (Christman v Starr, 39 AD2d 431). On appeal to the Court of Appeals, the order of this court was reversed "for the reasons stated in the dissenting opinion at the Appellate Division" and the case was remitted to the Supreme Court, Albany County, for assessment of defendant's damages under his counterclaim (Christman v Starr, 33 NY2d 885, 887). In making this determination, the Court of Appeals apparently relied on the conclusion of "The dissent at the Appellate Division * * * that plaintiff's operation was within the intended terms of the covenant, and that defendant was not barred by waiver or estoppel from asserting a breach thereof." (33 NY2d 885, 887.) Plaintiff then commenced a second action against defendant seeking an accounting of the partnership's assets and reimbursement for the payment

of $2,750 on a promissory note alleged to have been a partnership obligation. On January 9, 1979, plaintiff moved for an order joining for trial the action on the remittitur and the second action. Defendant cross-moved for an order dismissing the second action. Special Term denied both motions "in order to permit the plaintiff movant to make a motion in the Court of Appeals to amend the remittitur in order to remove the possible uncertainty as to the scope of the Court of Appeals decision." The Court of Appeals denied the motion to amend the remittitur (Christman v Starr, 47 NY2d 802). Plaintiff then moved for an order granting leave to reargue the motion for an order joining the two actions for trial. Defendant contended that both of plaintiff's actions should be dismissed, and that the trial should proceed only on defendant's counterclaims. Special Term granted plaintiff's motion and denied defendant's cross motion. Defendant now contends that the decision of Special Term, which determined that the assessment of defendant's damages for plaintiff's breach of the covenant not to compete will be a setoff against the balance due plaintiff on the bond and that defendant would be entitled to judgment for any damages in excess of the amount due plaintiff, was beyond the authority of Special Term, in that Special Term is without authority to vary, restrict or expand the remittitur of the Court of Appeals. The remittitur of the Court of Appeals contains the order of the Court of Appeals, and neither the trial court nor this court has the power to vary the terms of the remittitur. The remittitur being based upon the "reasons stated in the dissenting opinion at the Appellate Division", an examination of that dissenting opinion is necessary to resolve the questions raised by the parties as to the terms of the remittitur. In his dissenting opinion, Justice Simons stated (39 AD2d 431, 434-435): "The trial court held in favor of Christman because it found he had not violated the restrictive covenant, but it held that even if the covenant was violated, the promise not to compete and the promised payment on the bond were independent so that the breach of the restrictive covenant would not excuse payment on the bond. The members of this court are in agreement, that on the contrary, the payment was a promise dependent upon a performance of the covenant and therefore a breach of the covenant by Christman would excuse payment by Starr. * * * Christman's business involved a good deal more than the 'installation, maintenance and care of lawns' and his own testimony establishes that he violated the express terms of the covenant both in the products sold and the services performed." Considering the above, the remittitur of the Court of Appeals is clear and certain. Plaintiff, having violated the restrictive covenant, has no right to recover payment on the bond and all that was left to be tried in the trial court is the issue of damages under defendant's counterclaims. The Court of Appeals, thus, reversed the judgment of the trial court in favor of plaintiff. This, however, does not preclude considering the question of the $20,000 on the issue of damages under the counterclaim. It cannot be seriously contended that the Court of Appeals intended plaintiff to forfeit the $20,000 and pay, in addition, all damages which defendant might be able to establish under his counterclaim, thus permitting a dual recovery. If defendant can establish damages in excess of the $20,000, then he should have judgment for such excess amount. Special Term, therefore, properly determined that the assessment of defendant's damages would be offset to the extent of $20,000, and any damages in excess of that amount would result in a judgment for defendant. Defendant's contention that plaintiff's second action is barred by the Court of Appeals decision is without merit. As to the parties in a litigation, "a judgment on the merits * * * is conclusive of the issues of fact

and questions of law necessarily decided therein in any subsequent action". *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485.) Different causes of action may arise from the same contract and a judgment on one cause of action is not a bar to an action on another cause of action, although it arises out of the same contract. Here the first action was based upon a bond given pursuant to the agreement of dissolution. The issue tried was only the right to recover under the bond. The second cause of action seeks recovery, in part, under the partnership agreement, and, in part, under the dissolution agreement, and involves issues not litigated or decided in the first action. Special Term, therefore, properly denied defendant's motion to dismiss the second action. The order of Special Term should, therefore, be affirmed. Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main and Mikoll, JJ., concur; Kane, J., not taking part.