■ Wric A. Martin et al., Appellants, v Alberto Walters, Respondent.—In an action for specific performance of a contract to sell real property, the plaintiff appeals from a decision

of the Supreme Court, Queens County (Hyman, J.), dated October 20, 1986, and an order of the same court, entered on the decision, dated November 5, 1986, which, *inter alia*, dismissed the complaint, after a hearing, for lack of proper service on the defendant.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision; and, it is further,

Ordered that the order is affirmed, without costs or disbursements.

The proof adduced by the defendant adequately established that proper service had not been effected by the plaintiffs. A prior order of the same court, dated January 22, 1986, denying the defendant's motion to cancel the notice of pendency was rendered without the benefit of a hearing. Under the circumstances of this case, we conclude that the defendant did not have a full and fair opportunity to litigate the issue of personal jurisdiction until the hearing ordered with respect to his motion to vacate a default judgment previously entered against him *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Keeler v West Mountain Corp.,* 105 AD2d 953, 954). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.