■ ·HANA B. BORDELAY, Appellant, v CITY OF NEW YORK et al., Respondents.—

Plaintiff instituted this action against the city and others seeking, in part, damages for wrongful eviction in 1979 from city-owned housing. Previously, plaintiff had moved to vacate the judgment of eviction, which motion was denied. An appeal to the Appellate Term was thereafter dismissed on the grounds of inordinate delay and no showing of merit. A motion to vacate the dismissal was denied, as was leave to appeal to this court. Plaintiff subsequently commenced a *pro se* tort action against the city, alleging emotional and mental trauma as a result of her eviction. The city moved to dismiss for failure to file a notice of claim pursuant to section 50-e of the General Municipal Law. In her response, plaintiff asserted that such failure was the result of mental illness. Accordingly, a hearing was conducted to determine whether plaintiff should be excused from compliance. Plaintiff, appearing *pro se,* testified. The Referee offered to subpoena any physicians or records, but the offer was refused, and the Referee found that plaintiff had failed to sustain her burden of proof so as to warrant waiver of compliance with General Municipal Law § 50-e. The Referee's report was confirmed by the trial court, and the complaint was dismissed. This court affirmed *(Bordelay v City of New York,* 130 AD2d 428) and thereafter denied reargument. Leave to appeal to the Court of Appeals was denied *(Bordelay v City of New York,* 70 NY2d 606).

Following commencement of this action, plaintiff moved for an order granting her the first available vacancy at her former residence. The city cross-moved to dismiss on the grounds of, in part, res judicata and collateral estoppel. The court granted the motion, dismissed the complaint against the city and severed the action. In that regard, plaintiff has been accorded a full and fair opportunity to litigate her eviction and whether her mental incapacity excused her from compliance with the city's notice requirement *(Gramatan Home*

*Investors Corp. v Lopez,* 46 NY2d 481, 485). Although plaintiff is now endeavoring to circumvent the doctrine of res judicata by arguing that she should have been given a jury trial and counsel at the hearing, she may not now raise new theories in a second action based on the same transaction *(Matter of Hodes v Axelrod,* 70 NY2d 364; *O'Brien v City of Syracuse,* 54 NY2d 353). Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.