■ SCRIBNER COMPANY, Appellant, v ESTATE OF JACOB A. FINE et al., Respondents, and UNITED STATES OF AMERICA, Intervenor-Respondent.—Order, Supreme Court, New York County (Carmen Ciparick, J.), entered on or about December 5, 1988, which denied the motion by plaintiff Scribner Company for summary judgment and which granted the respective cross motions by defendants estate of Jacob A. Fine and Stephen L. Fine, as executor of the estate, and by intervenor-defendant United States of America for summary judgment dismissing the complaint, unanimously affirmed, with costs and disbursements.

The record reveals that plaintiff's underlying action, seeking a declaratory judgment that the Scribner partnership was entitled to the estate's 30% share of surplus moneys from the foreclosure sale of the Scribner building, which 30% interest in the property was recorded in the name of decedent Jacob A. Fine, was barred by the doctrine of res judicata.

Specifically, in a prior proceeding to determine entitlement to the surplus moneys, purported Scribner partners, Charles Maxwell, Mitchell Fein and Myrtle Lesser, as well as Bajart Equities Corporation, plaintiff Scribner's corporate nominee, all voluntarily entered into a stipulation wherein they approved the estate's receipt of 30% of the equity of redemption, represented that they knew of no other claims to the moneys other than those which were asserted in that proceeding, and

explicitly waived any and all potential claims that plaintiff Scribner had to the estate's share of the surplus moneys *(Matter of Hodes v Axelrod,* 70 NY2d 364, 372; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.22).

Contrary to plaintiff Scribner's assertions, the stipulation contains no language reserving Scribner's right to pursue further claims to the surplus moneys, nor does it mention any further anticipated litigation concerning those funds. Concur —Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.