■ RONALD LEVANDUSKY, Respondent, v ONE FIFTH AVENUE APARTMENT CORP., Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (William P. McCooe, J.), entered on April 26, 1990, which, *inter alia,* granted petitioner's application pursuant to CPLR article 78 as to the first cause of action and annulled respondent's stop

work order of May 4, 1989, is unanimously reversed on the law to the extent appealed from and the petition denied and dismissed, without costs or disbursements. The Clerk is directed to enter judgment in favor of respondent dismissing the petition.

This proceeding pursuant to CPLR article 78 is just the most recent phase in an extended dispute between petitioner Ronald Levandusky, the proprietary lessee of apartment 26B in a twenty-seven story residential building located in the Greenwich Village Historical District, and respondent One Fifth Avenue Apartment Corp., the cooperative corporation. Petitioner, who at the time was president of the Board of Directors, sought permission to perform certain alterations to his apartment. Although the Board approved the proposed renovations, the plans submitted by petitioner did not include any change in the location of a steam pipe or riser in the kitchen area or certain air conditioner installations. Moreover, in an action characterized by respondent as a clear conflict of interest, petitioner personally executed an application, as both lessee and president of the Board, to the Landmarks Preservation Commission for authorization to proceed. Thereafter, the Commission agreed to allow the alterations only if they complied with specified conditions. However, after petitioner had commenced the work, respondent served him with a stop work order in August of 1988 due to his moving of the steam riser, and he instituted his first article 78 proceeding. The matter ultimately reached the Court of Appeals, which, in a detailed opinion *(Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 537), held that the discretionary determinations of a cooperative or condominium board must be governed "by a standard of review that is analogous to the business judgment rule applied by courts to determine challenges to decisions made by corporate directors". According to the court therein *(supra,* at 537-538):

"Developed in the context of commercial enterprises, the business judgment rule prohibits judicial inquiry into actions of corporate directors 'taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes.' * * * So long as the corporation's directors have not breached their fiduciary obligation to the corporation, 'the exercise of [their powers] for the common and general interests of the corporation may not be questioned, although the results show that what they did was unwise or inexpedient.' * * *

"Application of a similar doctrine is appropriate because a

cooperative corporation is—in fact and function—a corporation, acting through the management of its board of directors, and subject to the Business Corporation Law. There is no cause to create a special new category in law for corporate actions by coop boards."

The Court of Appeals further observed that "[f]or present purposes, we need not, nor should we determine the entire range of the fiduciary obligations of a cooperative board, other than to note that the board owes its duty of loyalty to the cooperative—that is, it must act for the benefit of the residents collectively. So long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgment for the board's. Stated somewhat differently, unless a resident challenging the board's action is able to demonstrate a breach of this duty, judicial review is not available" (Matter of Levandusky v One Fifth Ave. Apt. Corp., supra at 538). It is evident that the Court of Appeals' ruling in connection with petitioner's prior proceeding pursuant to CPLR article 78 is determinative in this, his second, such application, which concerns a challenge to the validity of respondent's subsequent stop work order relating to his installation of certain air conditioners. In that regard, the Court of Appeals, in rejecting petitioner's claims with respect to the movement of pipes, found (supra, at 540-541) that:

"His argument that having once granted its approval, the board was powerless to rescind its decision after he had spent considerable sums on the renovations is without merit. There is no dispute that Levandusky failed to comply with the provisions of the 'Alteration Agreement' or 'Renovation Guidelines' designed to give the board explicit written notice before it approved a change in the building's heating system. Once made aware of Levandusky's intent, the board promptly consulted its engineer, and notified Levandusky that it would not depart from a policy of refusing to permit the movement of pipes. That he then went ahead and moved the pipe hardly allows him to claim reliance on the board's initial approval of his plans. Indeed, recognition of such an argument would frustrate any systematic effort to enforce uniform policies.

"Levandusky's additional allegations that the board's decision was motivated by the personal animosity of another board member toward him, and that the board had in fact permitted other residents to jog their steam risers, are wholly conclusory. The board submitted evidence—unrefuted by Levandusky—that it was acting pursuant to the advice of its

engineer, and that it had not previously approved such jogging. Finally, the fact that allowing Levandusky an exception to the policy might not have resulted in harm to the building does not require that the exception be allowed. Under the rule we articulate today, we decline to review the merits of the board's determination that it was preferable to adhere to a uniform policy regarding the building's piping system."

The court's reasoning therein is no less applicable insofar as petitioner's air conditioner installations are concerned. There is certainly no indication, aside from his unsupported conclusory allegations to the contrary, that the Board's stop work order was largely the result of spite and resentment toward him and, therefore, issued in bad faith. Similarly, there is no merit to petitioner's contention that the Court of Appeals affirmed previous court decisions, which, in effect, permitted him to proceed with putting in his air conditioners. The fact is that the Court of Appeals never considered the question involved now since the air conditioner issue arose in the first article 78 proceeding only in relation to respondent's cross-motion to compel petitioner to remove the units on the ground of non-compliance with the Landmarks Preservation Law. In denying the Board's request, the courts merely held that it is the function of the Landmarks Preservation Commission, not that of the Board of Directors, to enforce the agency's notices of violation. The matter of respondent's stop work order simply was never before the courts in the first proceeding, and, consequently, there is no collateral estoppel (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65). Accordingly, petitioner's application should be denied and dismissed. Concur—Milonas, J. P., Wallach, Asch, Kassal and Smith, JJ.