■ In the Matter of the Claim of WILLIAM S. KOBB, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [652 NYS2d 844] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a store manager at a Sesame Street retail store in New Jersey when he was instructed to concentrate his efforts on increasing the average amount expended by each customer from $15 to $20. Claimant attempted to give the appearance of attaining this goal by combining multiple sales on one sales receipt to make it appear that one customer had made several purchases. When claimant's deceptive bookkeeping was discovered, he was discharged. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. We affirm. Failure to comply with the employer's established policies and procedures constitutes disqualifying misconduct (see, Matter of Frascino [Hudacs], 211 AD2d 842; Matter of Gallo [Hudacs], 206 AD2d 649, 650). Given the circumstances surrounding claimant's termination, we find there to be substantial evidence supporting the Board's determination.

Despite the fact that claimant was awarded unemployment insurance benefits by the New Jersey Department of Labor prior to moving to this State, we reject claimant's contention that collateral estoppel mandates a similar ruling here. The Commissioner of Labor was not afforded an opportunity to appear at the administrative proceedings in New Jersey and is not, accordingly, bound by the ruling that resulted therefrom (see, Matter of Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485).

Cardona, P. J., Mikoll, Mercure, Crew III and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.