■ C.V. LONGO MECHANICAL SERVICE, INC., Appellant, v DAVID REIS et al., Respondents. [818 NYS2d 132]—

In an action to recover damages for breach of contract and to recover in quantum meruit, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered January 19, 2005, which granted the separate motions of the defendants David Reis, as trustee of the 1965 Donna Reis Family Trust, and Donna Reis, and the defendant Spectrum Construction Corp. to dismiss the complaint insofar as asserted against them on the ground of res judicata.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

On March 23, 1999 the plaintiff filed a notice of mechanic's lien against a property owned by the defendants David Reis, as trustee of the 1965 Donna Reis Family Trust, and Donna Reis (hereinafter collectively the Reises). Less than one year later (*see* Lien Law § 17), the plaintiff commenced an action to foreclose the lien and filed a notice of pendency.

In June 2004, in response to a motion by the plaintiff, inter alia, for leave to enter a default judgment, the Reises crossmoved for summary judgment dismissing the complaint on the ground that the notice of pendency had expired. The plaintiff then filed an "amended notice of motion" in which it sought,

inter alia, leave to amend the complaint to assert additional causes of action sounding in breach of contract and quantum meruit. By order dated August 3, 2004, the Supreme Court granted the cross motion and denied the motion as academic. With respect to the purported branch of the plaintiff's motion which was for leave to serve and file an amended complaint, the Supreme Court denied it as "procedurally improper," with leave to re-notice "by service of a copy of the August 3, 2004 order with notice of entry and a copy of the 'amended' motion."

The plaintiff then followed the Supreme Court's directive by re-noticing its original "amended" motion papers. In opposition, the Reises contended that the motion for leave to amend should be denied because of the plaintiff's reliance on the same papers and its failure to attach an affidavit of merit "by a party with knowledge." The defendant Spectrum Construction Corp. (hereinafter Spectrum) joined in the Reises' opposition to the plaintiff's motion for leave to amend. By order dated September 17, 2004, the same court denied leave to amend on the ground that "plaintiff has failed [to] come forward with the requisite affidavit of merits and evidentiary proof necessary to support the motion." In the decretal paragraph of that order, however, the court specified that the denial of the motion was "without prejudice to the commencement of any timely and proper separate action for whatever relief plaintiff may wish to pursue."

The plaintiff, again, followed the Supreme Court's directive by commencing this action against the defendants, asserting causes of action sounding in breach of contract and quantum meruit. Spectrum and the Reises separately moved to dismiss the complaint on the ground of res judicata. By order dated January 19, 2005, the Supreme Court granted the motions to dismiss the complaint. We reverse.

On this record, it is evident that the plaintiff was never "afforded a full and fair opportunity" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]) to litigate its right to recover against the defendants for the underlying debt described in the original notice of lien. The fact that the notice of pendency was discharged in the prior action does not affect the plaintiff's right to recover personally against anyone liable for the payment of the underlying debt (*see* Lien Law § 17). Moreover, the Supreme Court's denial of the plaintiff's motion for leave to amend the complaint to assert the causes of action now asserted in the instant action, which denial was on procedural grounds and without prejudice, does not support dismissal of the complaint on res judicata grounds (*see Buechel v Bain*, 97 NY2d 295, 306 [2001], *cert denied* 535 US 1096 [2002]).

The defendants' remaining contentions are without merit. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.