■ MAXINE HERSHORN et al., Respondents, v GRAE, RYBICKI & PARTNERS, P.C., et al., Appellants. [841 NYS2d 141]—

In an action to recover damages for legal malpractice, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated November 18, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Abraham Hershorn allegedly was injured due to a dangerous and defective condition created by sheetrock stacked against a wall at a job site. He and his wife Maxine Hershorn retained the defendants to commence an action on their behalf to recover damages for personal injuries and loss of consortium (hereinafter the underlying action). After the underlying action was dismissed, the Hershorns commenced this action to recover damages for legal malpractice. The Hershorns alleged that they would have prevailed in the underlying action but for the negligence of the defendants in failing to identify or to timely commence an action against the culpable party, John Dinaso & Sons, Inc. (hereinafter Dinaso), the company that delivered the sheetrock to the site.

The defendants moved for summary judgment dismissing the complaint as barred by res judicata and collateral estoppel. The defendants argued that the dismissal of the underlying action on the merits precluded the Hershorns from proving an essential element of their prima facie case, namely, that they would have prevailed in the underlying action but for the defendants' alleged negligence. The Supreme Court denied the defendants' motion and the defendants appeal.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. The issue of whether or not Dinaso could be held liable for the damages alleged in the underlying action was not raised and necessarily determined in the underlying action (*see Pinnacle Consultants v Leucadia Natl. Corp.,* 94 NY2d 426 [2000]; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481 [1979]). Rather, the only issue necessarily determined was that the parties against whom the action was timely commenced, which did not include Dinaso, neither created nor had actual or constructive notice of the alleged dangerous and defective condition caused by the sheetrock. Accordingly, the issue of whether or not the plaintiffs would

have prevailed in the underlying action but for the alleged negligence of the defendants in identifying and timely commencing the action as against Dinaso was not raised and necessarily determined in the underlying action, and dismissal of the action at bar was not warranted. Crane, J.P., Ritter, Covello and Balkin, JJ., concur.