OPINION OF THE COURT
George B. Ceresia, Jr., J.
The individual petitioners hold the position of warrant and transfer officer within the New York State Division of Parole. In April 2006, the respondents created the new position of senior warrant and transfer officer to supervise the 15 employees statewide in the position of warrant and transfer officer. The new position includes responsibility for certain training duties. Certification as both a general topics instructor and firearms instructor is a necessary qualification for the position, as is one year of service in the position of warrant and transfer officer. On May 11, 2006 the state respondents made a provisional appointment to the position, appointing respondent Pratt as senior warrant and transfer officer pending preparation of an appropriate promotional examination. The provisional appointment has continued to date.
The petitioners have commenced the instant CPLR article 78 proceeding seeking: (1) a declaration that Pratt’s continued provisional appointment to the title of senior warrant and transfer officer for the Division of Parole is arbitrary and capricious and in violation of Civil Service Law § 65 (2);[1] and (2) an order directing the state respondents to vacate Pratt’s provisional appointment.
*521 The instant proceeding is the second proceeding commenced by the petitioners in connection with the appointment of respondent Pratt. The first was commenced in April 2007 (Matter of Levy v State of New York, Sup Ct, Albany County, index No. 2663-07). The petition in that proceeding sought relief similar to that sought here: (1) a judgment declaring that the failure of the Department of Civil Service to schedule and conduct a civil service examination for the position of senior warrant and transfer officer was arbitrary and capricious, contrary to law and in-violation of Civil Service Law § 65 (2) and article Y, § 6 of the New York State Constitution; and (2) an order directing the respondents to vacate the provisional appointment to the senior warrant and transfer officer position, and to hold a competitive examination for such position within 90 days. The court, in the prior proceeding, found the respondents to be in violation of Civil Service Law § 65 (2) and directed the respondents to conduct an examination for the position within 90 days. The court denied that portion of the petition which sought to vacate the appointment of Pratt on grounds that he had not been made a party to the proceeding.
The state respondents have made a motion to dismiss the instant petition bn two grounds under CPLR 3211 (a) (5): that the proceeding is time-barred by reason of the expiration of the statute of limitations, and that the proceeding is barred under principles of res judicata and collateral estoppel.[2]
With regard to the statute of limitations, respondents argue that the four-month statute of limitations under CPLR 217 commenced to run upon expiration of nine months from the provisional appointment made on May 11, 2006. Respondents argue that the petitioners were clearly aggrieved and suffered actual injury on February 12, 2007. Respondents maintain that the petitioners’ cause of action accrued on that date, with the four-month statute of limitations expiring on June 12, 2007, and that the petition filed on September 27, 2007 is untimely. The petitioners, in opposition to the motion, argue that the failure to remove Pratt from his provisional appointment, and make a permanent appointment, is a continuing violation, and that therefore the statute of limitations has not yet expired.
What troubles the court about respondents’ argument is that if this were truly the case (that is, that the cause- of action *522 accrued nine months from the date of the provisional appointment), once an employee remained , in- the provisional position beyond 13 months, he would, in effect, become immune from judicial removal, thus rendering the appointment permanent. This would not appear to comport with the spirit and intent of Civil Service Law § 65. In the court’s view, the retention of Pratt in the position of senior warrant and transfer officer beyond nine months is a continuing violation since “[the] retention of a provisional employee beyond nine months, although proscribed by subdivision 2 of section 65, does not, without more, ripen into a permanent appointment” (see Matter of Haynes v County of Chautauqua, 55 NY2d 814, 816-817 [1981]). Under the circumstances, the court finds that the statute of limitations has not expired (see Selkirk v State of New York, 249 AD2d 818 [3d Dept 1998]; Shelton v Elite Model Mgt., Inc., 11 Misc 3d 345 [Sup Ct, NY County 2005]).
Turning to respondents’ second argument, “[u]nder the dontrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter” (Matter of Hunter, 4 NY3d 260, 269 [2005], citing O’Connell v Corcoran, 1 NY3d 179, 184-185 [2003] and Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]). “The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation” (id.). “The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again” (id.).
Collateral estoppel or issue preclusion bars relitigation of issues that have necessarily been determined in a prior proceeding (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]; McNeary v Senecal, 197 AD2d 835, 836 [3d Dept 1993]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; Lake George Park Commn. v Salvador, 245 AD2d 605, 607 [3d Dept 1997], lv dismissed and denied 91 NY2d 939 [1998]). As to parties in litigation and those in privity with them, a judgment on the merits is conclusive with regard to the issues decided (see Gramatan Home Invs. Corp. v Lopez, supra; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). There are two general requirements for the doctrine of collateral estoppel to apply. The first is that the party seeking to benefit from the doctrine must demonstrate that the identical issue was necessarily *523 decided in the prior action and is decisive in the present one (see D’Arata v New York Cent. Mut. Fire Ins. Co. at 664; Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997]). The second is that the party to be precluded must have had a full and fair opportunity to litigate the issue (see Kaufman v Eli Lilly & Co. at 455; Matter of Juan C. v Cortines, supra; D’Arata v New York Cent. Mut. Fire Ins. Co., supra).
As noted, in the first proceeding the court denied that portion of the petition which sought to have Pratt removed from the position of senior warrant and transfer officer on grounds that Pratt was not made a party to the proceeding. Thus, very clearly, the court never reached the merits of the instant controversy. Under the circumstances, the court finds that the petition is not barred under principles of res judicata or collateral estoppel.
The court concludes that the motion to dismiss must be denied.
Accordingly it is ordered that the motion of the respondents to dismiss the petition be and hereby is denied; and it is further ordered that the state respondents be and hereby are directed to serve and file an answer within 20 days of the date hereof; and it is further ordered that the respondents renotice the proceeding in conformity with CPLR 7804 (f); and it is further ordered that the proceeding, after being renoticed, shall be referred to the undersigned for disposition.

. Civil Service Law § 65 (2) provides: “No provisional appointment shall continue for a period of in excess of nine months.” It further requires that where a provisional appointment has existed for a period of one month, a civil service examination must be conducted as soon as practicable thereafter in order to prevent the provisional appointment from exceeding such time period.

. The petitioners indicate that Pratt, although duly served with a copy of the order to show cause and petition, has failed to answer or appear and is now in default.