■ MAGEN DAVID OF UNION SQUARE et al., Plaintiffs, and THE SIXTEENTH STREET SYNAGOGUE, Appellant, v 3 WEST 16TH STREET, LLC, Respondent. (And a Third-Party Action.). [18 NYS3d 24]—

Order, Supreme Court, New York County (Debra A. James, J.), entered February 3, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff the Sixteenth Street Synagogue's (Synagogue) motion for summary judgment declaring, upon defendant 3 West 16th Street, LLC's (3 West) third counterclaim, that it is a one-third equitable owner of certain real property (the Building), unanimously affirmed, with costs.

In a prior appeal in this action (89 AD3d 24 [1st Dept 2011]), this Court, among other things, affirmed the motion court's grant of summary judgment to 3 West on its fourth counterclaim, which sought to "recover sole possession of the Building" and plaintiff's ejection therefrom, and affirmed the motion court's declaration that "[3 West] has a fee simple interest in the [Building]" and that "plaintiffs possess no equitable ownership interest [in the Building]."

3 West's third counterclaim sought a declaration that "[3 West] is the proper fee simple owner of the Building with the exclusive right of possession." Although the prior appeal did not specifically address this counterclaim, the underlying issues were necessarily resolved in that appeal, and that resolution constitutes "the law of the case" (Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010]).

The doctrine of res judicata also bars the Synagogue's claim of an equitable ownership interest in the Building (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]). In a prior action, the Synagogue's predecessor in interest sought declaratory relief concerning its claimed equitable co-ownership of the Building. By stipulating to a discontinuance of that action, with prejudice, the Synagogue's predecessor gave up its claim of equitable ownership, and thus the Synagogue is barred from asserting that claim in this action (see Benjamin v New York City Dept. of Health, 57 AD3d 403, 404 [1st Dept 2008], lv dismissed 14 NY3d 880 [2010]).

We decline 3 West's request to impose sanctions on the Synagogue. Concur—Sweeny, J.P., Saxe, Moskowitz and Gische, JJ.