Arnold v 4-6 Bleecker St. LLC (2018 NY Slip Op 06826)





Arnold v 4-6 Bleecker St. LLC


2018 NY Slip Op 06826


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Oing, JJ.


158541/13 7330N 7329 7328 7327 7326

[*1] Peter Arnold, et al., Plaintiffs-Respondents,
v
4-6 Bleecker Street LLC, Defendant-Respondent-Appellant, 316 Bowery Realty Corp., et al., Defendants-Appellants-Respondents.


Rosenberg & Estis, P.C., New York (Bradley S. Silverbush and Nithin Jayadeva of counsel), for appellants-respondents.
Akin Gump Strauss Hauer & Feld, LLP, New York (Sean E. O'Donnell of counsel), for respondent-appellant.
Cutler Minikes & Adelman LLP, New York (Jonathan Z. Minikes of counsel), for Peter Arnold and Michael Schiller, respondents.
Newman Ferrara LLP, New York (Jarred I. Kassenoff of counsel), for Eli Lazarus and Sean Rocha, respondents.



Appeal from amended order, Supreme Court, New York County (Joan A. Madden, J.), entered November 18, 2015, which granted defendant 4-6 Bleecker Street LLC's (4-6 Bleecker) motion to join Walsam 316 LLC, Walsam 316 Bowery LLC, and Walsam Bleecker LLC together with Lawber Bowery LLC and 316 Bowery Next Door Generation LLC (collectively, the Walsam defendants) as defendants to an action for rent overcharges and directed plaintiffs to file and serve a supplemental summons and amended complaint on defendants 4-6 Bleecker, 316 Bowery Realty Corp (316 BR-Corp) and the Walsam defendants, unanimously dismissed, without costs, as abandoned. Appeal from order and judgment (one paper), same court and Justice, entered January 13, 2016, which denied defendant 316 BR-Corp's motion for summary judgment dismissing the complaint, granted plaintiffs' cross motion for summary judgment insofar as it awarded summary judgment on their first cause of action seeking a declaration that their apartments were subject to the protections of the rent stabilization law, granted partial summary judgment to plaintiffs as to liability on their rent overcharge claims, and adjudged and declared that plaintiffs' apartments were subject to the protections of the rent stabilization law, unanimously dismissed, without costs, for failure to timely appeal therefrom. Order, same court and Justice, entered September 23, 2016, which, to the extent appealable, denied defendants-appellants' motion to renew the court's judgment, entered January 13, 2016, unanimously affirmed, without costs.
Order, same court and Justice, entered June 1, 2017, which, insofar as appealed from as limited by the briefs, denied defendant 4-6 Bleecker's motion for summary judgment on its fourth and fifth cross claims against defendants-appellants, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 28, 2017, which granted that branch of defendant 4-6 Bleecker's motion to amend its cross claims, unanimously dismissed, without [*2]costs, as abandoned.
In this action alleging fraudulent deregulation of rent- stabilized apartments, seeking damages for rent overcharges, treble damages and legal fees, defendants 316 BR-Corp and the Walsam defendants failed to show that new facts, unavailable at the time of the motion court's decision on the parties' summary judgment motions, or a change in the controlling law warranted an exercise of discretion by the court to grant renewal of the court's January 13, 2016 order and judgment (see CPLR 2221[e][2]; Melcher v Apollo Med. Fund Mgt. L.L.C., 105 AD3d 15, 23 [1st Dept 2013]). The Walsam defendants, which purchased the property from 316 BR-Corp during the pendency of this action, are successors-in-interest to the property and collaterally estopped from re-litigating the plaintiffs' showing of entitlement to rent overcharges and treble damages (see generally CPLR 1018; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979]). The Walsam defendants' argument that they were denied due process when the court decided the dispositive motion before they were joined to the action is unavailing, as those defendants were aware of the pending action, shared the same counsel as 316 BR-Corp, and elected not to intervene despite negotiations to stipulate to their joinder and opportunity to respond to the dispositive motions.
Defendant 4-6 Bleecker's motion for partial summary judgment on its fourth and fifth cross claims for a declaration that 316 BR-Corp indemnify it for any damages associated with rent overcharges and for related attorney fees expended was premature.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK