Jacob Milton, Respondent, and Frederick Randolph, Plaintiff, 
against
Jairaj Subraj, Tony Subhraj, Zara Realty Group, LLC, Zara Realty Holding Corp., Belair Park 5, LLC, and King Park, LLC, Appellants. 

Rubin, Fiorella & Friedman, LLP (Leila Cardo and Grant Meisels of counsel), for appellants.
The Law Office of John P. Demaio (John Demaio of counsel), for respondent.

Appeals from orders of the Civil Court of the City of New York, Queens County, dated July 31, 2017 (Richard G. Latin, J.) and October 20, 2017 (Terrence C. O'Connor, J.), respectively. The order dated July 31, 2017 denied defendants' motion to, among other things, vacate plaintiff's notice of trial and certificate of readiness. The order dated October 20, 2017 denied defendants' motion for leave to amend their answer to include additional affirmative defenses and, upon such amendment, for, in effect, summary judgment dismissing the complaint based upon those additional affirmative defenses.
ORDERED that the order dated October 20, 2017 is reversed, without costs, and defendants' motion for leave to amend their answer to include additional affirmative defenses and, upon such amendment, for, in effect, summary judgment dismissing the complaint based upon those additional affirmative defenses is granted; and it is further,
ORDERED that the appeal from the order dated July 31, 2017 is dismissed as moot.
In this action, which was commenced in the Supreme Court, Queens County, plaintiff, Jacob Milton,[FN1]
 seeks, in a verified complaint dated May 26, 2015, to recover $1,000,000 in [*2]damages resulting from an alleged illegal lockout, and from defendants' alleged breach of the warranty of habitability. In a joint answer dated August 19, 2015, defendants denied the allegations of the complaint and asserted eight affirmative defenses. Defendants also asserted a demand for a verified bill of particulars, a demand to take depositions, as well as other discovery demands. The Supreme Court issued several discovery orders, the most recent of which was dated May 4, 2016 and provided that plaintiff was to provide outstanding discovery. By order dated May 9, 2016, the Supreme Court transferred the action to the Civil Court pursuant to CPLR 325 (d). Plaintiff subsequently filed a notice of trial and certificate of readiness, dated June 13, 2017, in the Civil Court.
By papers dated June 27, 2017, defendants moved to, among other things, vacate plaintiff's notice of trial and certificate of readiness, and plaintiff opposed. By order dated July 31, 2017, from which defendants appeal, the Civil Court (Richard G. Latin, J.) denied defendants' motion in its entirety.
By papers dated August 8, 2017, defendants moved, pursuant to CPLR 3025 (b), to amend their verified answer to include additional affirmative defenses, including, as relevant here, res judicata and collateral estoppel, and, upon such amendment, for, in effect, summary judgment dismissing the complaint based thereon.[FN2]
 In a supporting affirmation, defendants' counsel stated that, in a prior nonpayment proceeding by defendant King's Park 148, LLC (King's Park) (sued herein as King Park, LLC) against plaintiff, plaintiff had asserted, as an affirmative defense, that he had been illegally locked out, that he had been constructively evicted, and that landlord had breached the warranty of habitability. Defendants annexed the decision after trial that had been issued in the nonpayment proceeding, dated February 17, 2016, in which the Civil Court had found that King's Park had established its prima facie case and that there had been no illegal lockout. The Civil Court also found that King's Park had breached the warranty of habitability and awarded plaintiff an abatement. Defendants' counsel argued that plaintiff would not be surprised or prejudiced by the amendment of defendants' answer to include the proposed affirmative defenses, as plaintiff had been a party to the nonpayment proceeding.

In an order dated October 20, 2017, from which defendants also appeal, the Civil Court (Terrence C. O'Connor, J.) denied the branch of defendants' motion seeking leave to amend their answer and denied the balance of the motion as moot. The Civil Court stated,
"This action was on the Supreme Court calendar nine [times] commencing October 28, 2015, nearly two (2) years ago. Upon transfer to this court, this action was on the calendar four (4) more times. The Notice of Trial or Inquest was filed on June 13, 2017 and a trial date set down for November 30, 2017. No motion to vacate the Notice of Trial or Inquest has been presented by defendants. Clearly, on the eve of trial any further delay would result in significant prejudice to plaintiffs. Furthermore, the facts as presented in the defendants' motion were known to them prior to the commencement of this action yet not presented to the court in the Verified Answer, dated August 18, 2015."
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes [*3]relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913-914 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). A court may take judicial notice of undisputed court records and files to determine whether an action is barred by res judicata (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Matter of Allen v Strough, 301 AD2d 11 [2002]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). A defendant does not waive the defense of res judicata if the order or judgment in another action giving rise to that defense precluding the later action had not yet been rendered at the time the defendant interposed its initial answer in the later action (see Atlantic Chiropractic, P.C. v Utica Mut. Ins. Co., 62 Misc 3d 145[A], 2019 NY Slip Op 50173[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Metro Health Prods., Inc. v Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]). Moreover, a waiver of a res judicata defense (see CPLR 3211 [e]) will not result where a defendant's failure to assert that defense in its answer did not take the plaintiff by surprise (see Atlantic Chiropractic, P.C., 62 Misc 3d 145[A], 2019 NY Slip Op 50173[U]; Metro Health Prods., Inc., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U]; Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]; see also Olean Urban Renewal Agency v Herman, 101 AD2d 712, 713 [1984]; Rogoff v San Juan Racing Assn., 77 AD2d 831 [1980], affd 54 NY2d 883 [1981]).
In Munroe v Park Ave S. Mgt. (99 AD3d 426 [2012]), a tenant commenced an action against her landlord and the landlord's managing agent, asserting the same claims that she had asserted as counterclaims in a prior nonpayment proceeding commenced by the landlord. The Appellate Division affirmed the Supreme Court's holding that the plaintiff's action, including her new claim of harassment, was barred by res judicata and collateral estoppel (see also Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979]).
Although the Civil Court, in denying defendants' motion, found that defendants had failed to assert their affirmative defenses until two years after their initial answer, dated August 19, 2015, and after nine Supreme Court appearances, defendants had no basis to assert res judicata until after the decision had been rendered in the nonpayment proceeding, on February 17, 2016. Defendants moved for such relief in August 2017, but it appears that between May 2016, when the Supreme Court compliance order was issued and the case was transferred to the Civil Court, and June 2017, when plaintiff filed its notice of trial, neither party moved this litigation forward in any way, despite the outstanding discovery order dated May 4, 2016.
"Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit. Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886 [2019] [internal quotation marks and citations omitted]).
Thus, notwithstanding defendants' delay in moving to amend their answer, we find that leave to amend should have been granted, as no prejudice was shown. Consequently, this action is barred [*4]by the principles of res judicata and third-party issue preclusion (see Koch v Consolidated Edison Co. of NY, Inc., 62 NY2d 548 [1984]) as against all the defendants (Gramatan Home Invs. Corp. v Lopez, 46 NY2d at 486; Munroe v Park Ave S. Mgt.,99 AD3d at 427), as plaintiff's allegations were fully considered and disposed of in the nonpayment proceeding, and as we take judicial notice (see Kingsbrook Jewish Med. Ctr., 61 AD3d 13; Matter of Khatibi, 8 AD3d 485; Matter of Allen, 301 AD2d 11; Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]) that a final judgment was properly entered in the nonpayment proceeding on February 17, 2016 in accordance with the decision.
Accordingly, the order dated October 20, 2017 is reversed and defendants' motion for leave to amend their answer to include additional affirmative defenses and, upon such amendment, for, in effect, summary judgment dismissing the complaint based upon those additional affirmative defenses is granted.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 5, 2020
Footnotes

Footnote 1: Although Frederick Randolph was also named as a plaintiff in the summons, he was not so named in either the caption of the complaint or the body thereof. The complaint makes it clear that it is solely the complaint of Jacob Milton, although Milton purports to seek damages also on behalf of Frederick Randolph.

Footnote 2: This motion was made within 120 days of the filing of the notice of trial and certificate of readiness (see CPLR 3212 [a]).