■ ANNA LIFSHITZ, as Administrator of the Estate of GOLDIE HASSMAN, Deceased, Respondent, v JOSEPH E. BRADY et al., Appellants. [664 NYS2d 745] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated July 18, 1996, which (1) granted the plaintiff's motion to dismiss the defendants' sixth through tenth and twelfth through fifteenth affirmative defenses and their first and second counterclaims and (2) denied their cross motion for (a) summary judgment dismissing the complaint, (b) summary judgment in their favor on their counterclaims, (c) sanctions, and (d) treble damages pursuant to Judiciary Law § 487 (1).

Ordered that the order is affirmed, with costs.

This legal malpractice action arose out of the defendants' representation of the plaintiff in a wrongful death action. Contrary to the defendants' contention, the complaint sufficiently alleges the requisite three elements of a cause of action to recover damages for legal malpractice (*see, Mendoza v Schlossman,* 87 AD2d 606, 607).

The Supreme Court properly determined that the plaintiff is not collaterally estopped from litigating the issues involved in the underlying wrongful death action. To apply the doctrine of collateral estoppel, two requirements must be satisfied: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded * * * must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455; *see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 665-666). The defendants failed to demonstrate that either of these requirements have been satisfied.

We have considered the defendants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.