◼ In the Matter of DIANNE C. MAXWELL, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Respondent. [681 NYS2d 335] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Cooperative Educational Services of Nassau County, which denied the petitioner's application for retroactive membership in the New York State Teachers' Retirement System, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered September 12, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed by the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES) since March 1974. In October 1974 she began her participation in the New York State Employees Retirement System (hereinafter ERS) as a teacher's aide/validator. In September 1980, she became a teacher and, as such, was eligible for membership in the New York State Teachers' Retirement System (hereinafter TRS). The petitioner initially sought retroactive retirement system membership for the period of March 1974 through October 1974 from ERS. The petitioner requested an affidavit from her employer, BOCES, pursuant to Retirement and Social Security Law § 803, stating that she had not declined membership and had not been informed of her option to join the system. After filing her application with ERS, the petitioner received a letter from the Director of Personnel for BOCES stating that BOCES intended to advise ERS that she had participated in a procedure which a reasonable person would recognize as an opportunity to join or formally decline membership in the retirement system. The petitioner was advised that she could request review of the determination by writing to the Deputy Superintendent at BOCES. Upon request, the Deputy Superintendent reviewed the petitioner's application and confirmed the determination.

Subsequently, the petitioner filed the identical claim with TRS. Once again the Director of Personnel for BOCES wrote to

the petitioner and advised her that she was going to inform TRS that the petitioner had taken part in a procedure informing her of her right to join the retirement system. The petitioner was also advised of her right to seek review by the Deputy Superintendent. The Deputy Superintendent reviewed her claim and denied her appeal, echoing the Director of Personnel's statement that the petitioner was raising the same claim that had been rejected a year earlier. Thereafter, the petitioner commenced a proceeding pursuant to CPLR article 78 which was dismissed by the Supreme Court.

Collateral estoppel, or issue preclusion, may be invoked in a subsequent proceeding to prevent a party from relitigating an issue decided against that party in a prior adjudication (*see, Ryan v New York Tel. Co.,* 62 NY2d 494; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 70; *Matter of Heritage Hills Sewage Works Corp. v Town Bd.,* 245 AD2d 450). To invoke the collateral estoppel doctrine, two requirements must be satisfied: first, the identical issue necessarily must have been decided in the prior proceeding and be decisive of the present proceeding, and second, the party to be precluded must have had a full and fair opportunity to contest the prior determination (*see, Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, *cert denied* 488 US 1005; *Ryan v New York Tel. Co., supra; Lifshitz v Brady,* 242 AD2d 608).

There is an identity of issues between the petitioner's first application to ERS and her second application to TRS. Further, the petitioner had a full and fair opportunity to contest the issue by appealing the initial determination instead of filing a second application. Therefore, the doctrine of collateral estoppel applies, and the proceeding was properly dismissed. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.