OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and motion for summary judgment granted in the amount prayed for in the complaint.
This is an action to enforce a default judgment entered in the District Court of the Fourth Judicial District of Nebraska. At the outset we note that enforcement of foreign judgments except those obtained by default in appearance or confession of judgment are governed by CPLR article 54. Foreign judgments obtained by default may only be enforced in a plenary action which may be initiated, as in the case at bar, by a motion for summary judgment in lieu of complaint (see, CPLR 3213). In reviewing such foreign judgments, this court’s inquiry is limited to ascertaining whether the courts of Nebraska possessed personal jurisdiction over defendants (see, Augusta Lbr. & Supply v Sabbeth, 101 AD2d 846 [2d Dept]; see also, 5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5011.16, 5011.19). Nebraska’s "long-arm” statute permits the courts to exercise jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person transacting any business within the State or "[w]ho has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States” (Neb Rev Stat § 25-536 [2]).
In International Shoe Co. v Washington (326 US 310), the Supreme Court of the United States set forth the standard by which the exercise of long-arm jurisdiction is measured: "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.’ ” (Supra, at 316, quoting Milliken v Meyer, 311 US 457, 463.) Unilateral activity by the party claiming a relationship will not satisfy the minimum contacts requirement. (See, Hanson v Denckla, 357 US 235, 253.) Rather, it is essential that there be some act by which the defendant "purposefully avails itself of *784 the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” (Hanson v Denckla, supra, at 253.) This requirement "ensures that a defendant will not be haled into a jurisdiction solely as the result of 'random,’ 'fortuitous’, or 'attenuated’ contacts * * * or of the 'unilateral activity of another party or third person’ ” (Burger King Corp. v Rudzewicz, 471 US 462, 475). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection’ with the forum State.” (Burger King Corp. v Rudzewicz, supra, at 475, citing McGee v International Life Ins. Co., 355 US 220, 223.)
In Kreutter v McFadden Oil Corp. (71 NY2d 460) the Court of Appeals noted that jurisdictional strictures have been relaxed in view of the technological advances which permit a party to conduct an enormous volume of business in a State without ever entering the State. It was there stated: "So long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there, due process is not offended if that party is subjected to jurisdiction even if not 'present’ in that State (see, McGee v International Life Ins. Co., 355 US 220, 222-223; see also, Burger King Corp. v Rudzewicz, 471 US 462; World-Wide Volkswagen Corp. v Woodson, 444 US 286, 292; International Shoe Co. v Washington, 326 US 310). Specifically, in the International Shoe case the court held that 'the privilege of conducting activities within a state * * * may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires [a party] to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue’ (id., at 319 [emphasis added])” (Kreutter v McFadden Oil Corp., supra, at 466-467). Indeed, even a single contact can support in personam jurisdiction as long as it creates a "substantial connection” with the forum (see, Burger King Corp. v Rudzewicz, supra, at 475, n 18; see also, McGee v International Life Ins. Co., supra, at 223; China Express v Volpi & Son Mach. Corp., 126 AD2d 239, 244). However, in some instances, "single or occasional acts” related to the forum may be insufficient to establish jurisdiction if "their nature and quality and the circumstances of their commission” merely create an "attenuated” connection. (International Shoe Co. v Washington, supra, at 318; World-Wide Volkswagen Corp. v Woodson, 444 US 286, 299; China Express v Volpi & Son Mach. *785 Corp., supra, at 243.) A critical consideration in such cases is whether "the defendant’s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.” (World-Wide Volkswagen Corp. v Woodson, supra, at 297; China Express v Volpi & Son Mach. Corp., supra, at 243.)
The jurisdictional contacts in the instant case consisted of contract negotiations between the parties initiated by defendant. Said negotiations were conducted by telephone, fax and letters. In addition, defendant separately contracted with a shipper to pick up the goods in Nebraska and air ship them to Philadelphia. Defendant was billed for said services, deducted the costs from plaintiffs bill and paid plaintiff the difference. Based upon the foregoing it is clear that the contacts with the State of Nebraska resulted from the actions of defendant and that defendant’s conduct and connection with the forum State were such that he should have reasonably anticipated out-of-State litigation (see, Hanson v Denckla, supra, at 253; Burger King Corp. v Rudzewicz, supra, at 474-476).
Monteleone, J. P., Aronin and Scholnick, JJ., concur.