*30 OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
In this action to enforce a Michigan judgment entered on default, defendant pleaded two affirmative defenses. Defendant’s first affirmative defense was twofold: (1) that the Michigan court did not have personal jurisdiction in the underlying action because defendant is not a citizen of Michigan nor has it ever done business in Michigan, and (2) that the Michigan court lacked subject matter jurisdiction. The second affirmative defense alleged that the lease agreement plaintiff sued to enforce in the Michigan action was not signed by anyone with authority to bind the defendant corporation. Plaintiff moved to dismiss both of defendant’s affirmative defenses and for summary judgment, alleging among other things that a forum selection clause in the lease agreement was the basis for personal jurisdiction in Michigan. The court below granted plaintiffs motion to dismiss the first affirmative defense but otherwise denied plaintiffs motion. The instant appeal by plaintiff ensued.
A judgment entered in a sister state is entitled to full faith and credit (see e.g. Milliken v Meyer, 311 US 457, 462 [1940]). In reviewing a foreign judgment entered on default, “this court’s inquiry is limited to ascertaining whether the courts of [the sister state] possessed personal jurisdiction over [the defendant]” (Glass Contrs. v Target Supply & Display, 152 Misc 2d 782 [App Term, 2d & 11th Jud Dists 1992]). Michigan courts may exercise general personal jurisdiction over a corporation if any of the following relationships exist between the corporation and the State of Michigan: (1) incorporation under the laws of Michigan; (2) consent; or (3) “[t]he carrying on of a continuous and systematic part of its general business within the state” (Mich Comp Laws Ann § 600.711).
Ordinarily, in an action to enforce the judgment of a sister state, a defense that the foreign action was based upon an invalid contract would lack merit, as “inquiry into the merits of the underlying dispute is foreclosed” (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577 [1991]). In this matter, however, the invalidity of the contract has “bearing ... in the limited context of our jurisdictional review” (id.). Defendant corporation’s allegation that no one with authority entered into the agreement is relevant where plaintiff alleged in its motion papers that consent, pursuant to a forum selection clause in the *31 subject agreement, was the basis for personal jurisdiction in Michigan.
Since a triable issue of fact has been raised as to whether the lease agreement was a proper basis for personal jurisdiction in Michigan, plaintiffs motion to dismiss the second affirmative defense was properly denied, as was its request for summary judgment.
We do not find this result inconsistent with the lower court’s dismissal of defendant’s first affirmative defense, not before us on appeal, which we find only precludes defendant from asserting the specific jurisdictional defenses delineated in its answer, and not the defense that the Michigan court did not obtain jurisdiction by consent pursuant to Michigan Compiled Laws Annotated § 600.711 (2).
Weston Patterson, J.P (concurring in part and dissenting in part and voting to modify the order, insofar as appealed from, by granting plaintiff’s motion to the extent of dismissing defendant’s second affirmative defense). In my view, defendant’s second affirmative defense should have been dismissed, as it impermissibly challenges the merits of the underlying judgment.
The Full Faith and Credit Clause requires “recognition of [a] foreign judgment as proof of the prior out-of-State litigation and gives it res judicata effect, thus avoiding relitigation of issues in one State which have already been decided in another” (Matter of Farmland Dairies v Barber, 65 NY2d 51, 55 [1985]). Thus, a court’s review of out-of-state judgments is strictly limited to determining whether personal jurisdiction existed over the defendant at the time the judgment was entered (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577 [1991]). Any inquiry into the merits of the underlying action is prohibited (id.).
Here, defendant’s second affirmative defense is nothing more than a collateral attack of the Michigan judgment on its merits. Plaintiff obtained a default judgment in Michigan after commencing an action in that state alleging defendant’s breach of a written commercial lease. In its answer to plaintiff’s complaint seeking enforcement of the judgment, defendant asserts that the underlying lease was unenforceable, since it was not executed by defendant or by anyone authorized to act on defendant’s behalf. Contrary to the majority’s opinion, nothing in this defense raises a jurisdic *32 tional argument or otherwise suggests that the alleged invalidity of the lease precludes a finding of personal jurisdiction. Indeed, defendant’s first affirmative defense raises specific jurisdictional defenses — none of which are based on the underlying lease. Since any inquiry into the validity of the lease necessitates an inquiry into the merits of the Michigan action, defendant’s second affirmative defense should have been stricken. Accordingly, I vote to modify the order of the court below by granting plaintiff’s motion to the extent of dismissing defendant’s second affirmative defense.
Golia and Helen, JJ., concur; Weston Patterson, J.P., concurs in part and dissents in part in a separate memorandum.