OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed without costs, the branch of defendant’s motion which sought summary judgment on the ground that the action was barred by collateral estoppel is denied, and the matter is remitted to the Civil Court for a determination of the remaining branch of defendant’s motion.
In this action by a provider to recover assigned first-party no-fault benefits for medical equipment provided to its assignors following automobile collisions on April 29, 1999 (assignors Elkin and Andreeva) and on June 8, 2000 (assignors Anderson and Leveile), defendant moved for summary judgment. Plaintiff opposed the motion and cross-moved for summary judgment, alleging, inter alia, the absence of proof of a defense that survived the preclusive effect of defendant’s concededly untimely denials. The Civil Court denied plaintiffs cross motion for summary judgment, a determination that plaintiff does not challenge on this appeal, and granted defendant’s motion on the sole ground that default judgments issued by the Supreme Court, Nassau County, rendered plaintiff’s action “without merit.” Plaintiff appeals and we reverse.
Nearly two years after plaintiff had submitted its claims, and before plaintiff commenced this action, defendant obtained declaratory judgments, on default, in the Nassau County Supreme Court, which absolved defendant of its contractual duty to indemnify “any . . . person” seeking a monetary recovery for property damage or personal injury arising from the incidents of April 29, 1999 and June 8, 2000, on proof that the incidents were staged to defraud defendant. In the instant motion for summary judgment, defendant argued that the default judgments collaterally estopped plaintiff from recovering no-fault benefits on the basis of any claim arising from *69 those incidents. In the alternative, defendant sought summary judgment on the ground that its proof established, prima facie, a lack of coverage, in that the incidents involved a scheme to defraud, a defense that survived the preclusive effect of its untimely denials.
Plaintiff herein was neither named nor served in the declaratory judgment actions nor, at the time, was it in privity with someone who was, and plaintiff otherwise had no full and fair opportunity to appear and defend its interests in those proceedings. Accordingly, the judgments do not collaterally estop plaintiff from recovering in this action (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979]; Mid Atl. Med., P.C. v Victoria Select Ins. Co., 20 Misc 3d 143[A], 2008 NY Slip Op 51758[U] [App Term, 2d & 11th Jud Dists 2008]; see also Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]). Moreover, as the declaratory judgments were obtained on default, there was no actual litigation of the issues and, therefore, no identity of issues (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]; Zimmerman v Tower Ins. Co. of N.Y., 13 AD3d 137, 139-140 [2004]; Chambers v City of New York, 309 AD2d 81, 85-86 [2003]; Holt v Holt, 262 AD2d 530, 530 [1999]).
As the Civil Court did not address the alternative ground asserted by defendant in its motion for summary judgment, the matter must be remitted to the Civil Court for a determination of that ground (e.g. McElroy v Sivasubramaniam, 305 AD2d 944 [2003]).