*223 OPINION OF THE COURT
Devin P. Cohen, J.
Defendant’s motion to dismiss pursuant to CPLR 3211 (a) (5) is decided as follows:
Procedural History
This action arises from an August 6, 2008 incident wherein plaintiff’s assignor allegedly sustained personal injuries and subsequently received treatment from plaintiff health services provider. On August 27, 2009, plaintiff commenced this action seeking to recover first-party no-fault benefits for services rendered to its assignor. Issue was joined by service of defendant’s answer on or about October 7, 2009.
Prior to the commencement of this lawsuit, defendant initiated a declaratory judgment action in Kings County Supreme Court, seeking a declaration that the incident of August 6, 2008 was a “staged or intentional incident” and therefore “not a covered event as defined by the applicable policy of insurance issued by Encompass” (plaintiffs exhibit A). Plaintiff and its assignor, Vincent Meyers, were both named defendants in the declaratory judgment action. Neither plaintiff nor its assignor answered or appeared in the declaratory judgment action, and defendant moved for a default judgment.
On January 10, 2010 Justice Robert J. Miller granted the default judgment against plaintiff and its assignor and issued a declaratory judgment finding that defendant, “by reason of no coverage, is not required to provide a defense and/or indemnification to [plaintiff or its assignor] ... in any current or future proceedings . . . including lawsuits seeking to recover no-fault benefits . . . arising out of the alleged incident of August 6, 2008” (defendant’s exhibit A at 3). Defendant now moves this court pursuant to CPLR 3211 (a) (5) for an order dismissing the complaint in this action, with prejudice, on the grounds of collateral estoppel based upon the order issued in the declaratory judgment action, and “for such other and further relief this court deems just and proper” (defendant’s motion to dismiss at 1).
This case raises the question of the effect of a declaratory judgment order, issued on default, with respect to collateral actions seeking to litigate the same issue. To address this question requires an analysis of the intersection of the applicable law and policies underlying declaratory judgments, collateral estoppel and default judgments.
*224 Legal Standards
CPLR 3001 provides that “[t]he supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed.” The general purpose of the declaratory judgment is often described as “to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations” (James v Alderton Dock Yards, 256 NY 298, 305 [1931]). Thus, a primary goal in seeking a declaratory judgment is a decisive determination as to the rights of the parties in ongoing or future collateral actions.
The Court of Appeals in Kaufman v Eli Lilly & Co. (65 NY2d 449 [1985]) outlined the purpose of the doctrine of collateral estoppel and the circumstances under which it is applied. Generally, the doctrine “precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point” (id. at 455 [internal quotation marks omitted]). The doctrine stems from the principles of judicial economy and fairness (id. at 455).
In order for the doctrine of collateral estoppel to apply, two requirements must be satisfied: (1) “the identical issue necessarily must have been decided in the prior action and be decisive of the present action” (id. at 455); and (2) “the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination” (id. at 455). “The party seeking the benefit of [preclusion] has the burden of demonstrating the identity of the issues [while] the party [opposing] application [of the doctrine] has the burden of establishing the absence of a full and fair opportunity to litigate” (id. at 456).
The doctrine of collateral estoppel will only apply to matters “actually litigated and determined” in a prior action (Restatement [Second] of Judgments § 27). Without “actual litigation” there is no identity of issues (see Kaufman, 65 NY2d at 457). In general, courts have taken the position that “an issue is not actually litigated if. . . there has been a default” (Kaufman, 65 NY2d at 456-457; see Restatement [Second] of Judgments § 27, Comments d, e). More recently both in Zimmerman v Tower Ins. Co. of N.Y. (13 AD3d 137 [1st Dept 2004]) and Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co. (27 Misc 3d 67 [App Term, 2d Dept 2010]) appellate *225 courts have reiterated their adherence to this principle and its application to declaratory judgments. Each court held that declaratory judgments issued on default would not be given preclusive effect in collateral proceedings.
The Parties’ Contentions
Defendant contends that collateral estoppel should apply and the case should be dismissed based upon the determination in the declaratory judgment action that the alleged accident was not a covered incident. Defendant contends that the decisive issue of coverage is the same in both actions. Furthermore, defendant (plaintiff in the declaratory judgment action) contends that plaintiff (a defendant in that action) had a full and fair opportunity to litigate the matter in the declaratory judgment action in that it was duly served with the summons and complaint and failed to appear or interpose an answer. Finally, defendant contends that, as a policy matter, “to not give preclusive effect to the Supreme Court judgment is to create a disincentive for a provider, or an Eligible Injured Person, to ever appear and litigate the issues of the Declaratory Judgment” (defendant’s reply at 2).
In opposition, plaintiff cites the general rule articulated above that collateral estoppel does not apply where there has been a default because the issues have not been “actually litigated” (see Zimmerman, 13 AD3d 137; Kaufman, 65 NY2d at 457). Plaintiff offers no explanation for its default in the declaratory judgment action.
Analysis
The line of appellate cases referenced above adheres to the principle that collateral estoppel does not apply where there has been a default in the prior action. It has been argued that when it first articulated this principle in Kaufman, the Court of Appeals did not intend it to be applied in such a bright-line manner, but rather intended a more case-specific evaluation of whether the issue had been “actually litigated” (see Staatsburg Water Co. v Staatsburg Fire Dist, 72 NY2d 147, 153 [1988] [in analyzing the application of collateral estoppel “no rigid rules are possible, because . . . factors may vary in relative importance depending on the nature of the proceedings”]; see Kaufman, 65 NY2d at 457). In the no-fault context specifically, the argument has been made that declaratory judgments rendered on default should be given collateral estoppel effect (see Magic, 27 Misc 3d at 69-76 [Golia, J., dissenting]). That said, in light of the current appellate case law, the court is constrained from dismissing this case on the basis of collateral estoppel.
*226 However, the fact that collateral estoppel does not apply does not mean that the instant action should proceed. The efficacy of a declaratory judgment relies on the assumption that it will be given preclusive effect in collateral actions. To allow the action to continue as though the declaratory judgment (DJ) action never occurred would create a disincentive for no-fault providers to ever appear in declaratory judgment actions and would undermine the purpose of the declaratory judgment process. While plaintiff/DJ defendant cannot, under the case law, be prejudiced by the default finding, neither should plaintiff/DJ defendant be unfairly advantaged by its own default.
In general, a default judgment is a presumptively valid judgment entitled to enforcement, unless or until reversed or set aside (All Terrain Props. v Hoy, 265 AD2d 87 [1st Dept 2000]; but see also Fleet Bus. Credit, LLC v Michael P Costelloe, Inc., 19 Misc 3d 29 [App Term, 2d & 11th Jud Dists 2008] [limited exception for out-of-state defaults where defendant alleges a lack of personal jurisdiction in the prior action]). To avoid enforcement of a default judgment, a defendant must move to vacate and offer both a reasonable excuse for its default and a meritorious defense to the underlying action (CPLR 317). In the court’s view, a declaratory judgment, issued on default, should be treated in the same manner. Plaintiffs proper recourse, if it wishes to proceed with this action, is to move to vacate the default judgment in the declaratory judgment action by offering a reasonable excuse for its failure to appear and a meritorious defense to that action.
The court is empowered to stay its own proceedings “[e]xcept where otherwise prescribed by law ... in a proper case, upon such terms as may be just” (CPLR 2201). One instance in which the staying of a given action is often deemed appropriate is when another (collateral) action is pending (see Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2201:4 [discussing implied stay provision on a motion to dismiss pursuant to CPLR 3211 (a) (4)]). Since plaintiff contends that the declaratory judgment cannot be given preclusive effect because it was not “actually litigated,” this court will stay the instant matter to afford plaintiff the opportunity to move to vacate its Supreme Court default and, if granted, to “actually litigate” the coverage question in the declaratory judgment action.
Conclusion
For the foregoing reasons, the court exercises its discretion to stay this action indefinitely pending any vacatur of the default *227 judgment in the collateral declaratory judgment action. This decision is without prejudice to defendant to remake or renew this motion in the event that plaintiff is unsuccessful in vacating the declaratory judgment.