OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action to recover assigned first-party no-fault benefits for dental services provided to plaintiffs assignor as a result of injuries sustained in an automobile accident, the record indicates that, subsequent to the assignment of benefits from plaintiffs assignor to plaintiff and the provision of dental services by plaintiff to its assignor, defendant Preferred Mutual Insurance Company commenced a declaratory judgment action in Supreme Court, New York County, against plaintiffs assignor based upon his alleged misrepresentation of his residence when applying for insurance. By order dated October 25, 2004, the Supreme Court granted Preferred’s motion for summary judgment in the declaratory judgment action, and declared that Preferred was “not obligated to provide no-fault benefits or defend any claims for bodily injury or property damage on [its] policy issued to [Oba Connor, plaintiff’s assignor].” Several years later, plaintiff commenced the instant no-fault action, and Preferred moved for summary judgment dismissing the complaint, contending that this action was barred by virtue of the Supreme Court’s order. The Civil Court denied defendant’s motion.
Plaintiff herein was neither named nor served in the declaratory judgment action nor, at the time, was it in privity with its assignor, who was a named party in that action, as the assignment of benefits had been executed before the declaratory judgment action had been commenced, and plaintiff otherwise had no full and fair opportunity to appear and defend its interests in that proceeding. Consequently, the instant action is not subject to dismissal by virtue of the order in the declaratory judgment action (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979]; Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 67 [App Term, 2d Dept, *69 2d, 11th & 13th Jud Dists 2010]). As a result, Preferred’s motion for summary judgment was properly denied.
Accordingly, the order of the Civil Court is affirmed.
Weston, J.P, Rios and Solomon, JJ., concur.