Schoenfeld, J.
(concurring). In light of the Court of Appeals’ holding in Gramatan Home Invs. Corp. v Lopez (46 NY2d 481 [1979]), I join my colleagues in voting to affirm the order denying summary judgment to the defendant insurer. Considerations of due process prohibit binding a party to the result of an action in which that party has not been given an opportunity to be heard. I write separately to acknowledge that the outcome reached today does not serve to promote the purposes of this State’s No-Fault Law to provide a less costly, more efficient automobile accident reparation system and to ease court congestion (see Montgomery v Daniels, 38 NY2d 41, 50-51 [1975]).
As (now retired) Justice Golia properly recognized in closely analogous circumstances, no-fault actions do not fit squarely within the Gramatan rule, given “the unique nature and reality of the assignment of claims for first-party benefits under the In *17 surance Law and the no-fault regulations of this State” (Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 67, 69 [2010 dissenting op]). That being so, and in view of the prior Supreme Court judgment declaring that plaintiffs assignor and the assignee providers named as defendants in that action “are not entitled to first-party benefits” stemming from the subject motor vehicle accident due to the assignor’s “material misrepresentations in the procurement of the insurance policy,” it is not unreasonable to say that the denial of summary judgment dismissing this assignee provider’s claim tends to exalt form over substance, delaying the seemingly inevitable dismissal of the claim until after trial. Nonetheless, on balance, I feel compelled to adhere to the rule set forth in Gramatan without a signal to the contrary from a higher appellate authority. Lastly, and parenthetically, it is noted that in the event the plaintiff assignee does not ultimately succeed against defendant on the no-fault claim, plaintiff could seek redress against the assignor under the clear terms of the assignment of benefits form.
Lowe, III, P.J., and Torres, J., concur; Schoenfeld, J., concurs in a separate opinion.