J.K.M. Medical Care, P.C., as Assignee of Latoya Payne, Appellant, 
against
Ameriprise Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered May 1, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
Plaintiff commenced this action on May 6, 2013 to recover assigned first-party no-fault benefits for medical services that it had provided as a result of a motor vehicle accident that had occurred on May 5, 2011. The injured party, Latoya Payne, signed an assignment of benefits to plaintiff on May 6, 2011. Defendant purported to schedule an examination under oath (EUO) of the assignor to be held on July 29, 2011, and, upon the assignor's alleged nonappearance, a follow-up EUO on September 12, 2011. Subsequent to the assignment of benefits and the scheduling of the EUOs, defendant commenced a proceeding against Latoya Payne, Tevin Jackson and two other individuals in the Supreme Court, Kings County, to compel them to appear at EUOs, asserting in the petition that they had failed to appear for two scheduled examinations. Defendant's petition also sought declaratory relief in the event of their nonappearances at a future EUO. Plaintiff was not named as a respondent in the proceeding. The Supreme Court granted defendant's motion, and defendant then purported to schedule a third EUO to be held on April 27, 2012. Thereafter, defendant moved in the Supreme Court, pursuant to CPLR 3215 (a), for a default judgment against Latoya Payne, Tevin Jackson and the two other individuals, and argued that they had failed to appear for the third EUO. By order dated December 5, 2012, the Supreme Court granted defendant's motion and declared that all first-party coverage for no-fault benefits was disclaimed as to Latoya Payne and the three other individuals, or any assignee under the subject policy with respect to the motor vehicle collision at issue. 
On August 21, 2013, defendant moved in the Civil Court for summary judgment dismissing the complaint on the grounds that defendant is not obligated to pay assigned first-party no-fault benefits to plaintiff in light of the Supreme Court order and that the assignor had failed to appear for scheduled EUOs. Plaintiff opposed the motion, arguing, among other things, that it is not bound by the declaratory judgment rendered in the Supreme Court proceeding and that defendant failed to establish that it had timely and properly scheduled EUOs. By order entered May 1, 2014, the Civil Court granted defendant's motion. We reverse. 
Plaintiff herein was neither named nor served in the Supreme Court proceeding, nor, at the time, was plaintiff in privity with its assignor, who was a named party in that proceeding, as the assignment of benefits had been executed before defendant had commenced the Supreme Court proceeding to compel the assignor's appearance at an EUO or for declaratory relief upon the assignor's failure to appear. As plaintiff had no full and fair opportunity to appear and defend its interests in the Supreme Court proceeding, the present action in the Civil Court is not subject to summary judgment dismissing the complaint by virtue of the Supreme Court declaration (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979]; Smooth Dental, P.L.L.C. v Preferred Mut. Ins. Co., 37 Misc 3d 67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
Defendant argues that, even in the absence of a judicial declaration, the order granting defendant's motion for summary judgment dismissing the complaint should be affirmed on the alternative ground that plaintiff's assignor had failed to appear for duly scheduled EUOs. However, contrary to defendant's assertion, defendant failed to establish that it had timely and properly mailed its EUO scheduling letters (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Furthermore, plaintiff properly argues that the scheduling letters failed to advise the assignor, in accordance with 11 NYCRR 65-3.5 (e), that she would be reimbursed for any loss of earnings and reasonable transportation costs incurred in complying with the request for an EUO. Thus, defendant failed to demonstrate entitlement to summary judgment dismissing the complaint on either ground.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: December 07, 2016