NR Acupuncture, P.C., as Assignee of Lymaris Colorado, Appellant, 
against
Ocean Harbor Casualty Ins. Co., Respondent.




Gary Tsirelman, P.C. (Jung Pryjma of counsel), for appellant.
Gallo, Vitucci & Klar, LLP (Richard E. Weber of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered December 5, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that, pursuant to Florida law, there was a lack of coverage due to the valid rescission, ab initio, of the Florida automobile insurance policy in question. Plaintiff opposed the motion. By order entered December 5, 2017, the Civil Court granted defendant's motion. On appeal, plaintiff contends that defendant failed to demonstrate that the insurance policy had been properly rescinded in accordance with Florida law.
It is uncontroverted that the vehicle involved in the accident was insured by defendant under a Florida automobile insurance policy. According to the affidavit submitted by an employee of defendant's managing agent, an investigation conducted after the accident revealed that, at the time the policyholder applied for automobile insurance, she did not reside at the Florida address listed on her application, and that the insured vehicle was not garaged at that Florida address. Thereafter, defendant purportedly rescinded the policy ab initio, pursuant to [*2]Florida Statutes Annotated § 627.409, which permits the retroactive rescission of an insurance policy.
In order to demonstrate that an automobile insurance policy has been properly rescinded ab initio in accordance with Florida law, an insurer must demonstrate that it gave notice of the rescission to the insured and that it returned, or tendered, all paid premiums within a reasonable time after the discovery of the grounds for avoiding the policy (see Fla Stat Ann § 627.728 [5]; Leonardo v State Farm Fire and Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist 1996]; see also United Auto. Ins. Co. v Salgado, 22 So 3d 594, 600-601 [Fla Dist Ct App, 3d Dist 2009]). Here, defendant's motion papers failed to demonstrate that it had provided the insured with notice of the rescission, and defendant admitted that it had not returned all of the paid premiums to the insured. Consequently, defendant failed to show, prima facie, that it had rescinded the policy ab initio pursuant to Florida law (see T & S Med. Supply Corp. v Ocean Harbor Cas. Ins. Co., 59 Misc 3d 142[A], 2018 NY Slip Op 50665[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4, 6-7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
To the extent that defendant's motion seeks summary judgment dismissing the complaint on the additional ground that plaintiff's action is barred by the doctrine of res judicata based upon orders issued by the Circuit Court of Florida, upon the assignor's default, in a declaratory judgment action, such contention lacks merit. We first note that although defendant did not move to dismiss the complaint on that ground pursuant to CPLR 3211 (a) (5) prior to serving its answer, and failed to include res judicata as an affirmative defense in its answer, "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011]; see also Active Care Med. Supply Corp. v Amica Mut. Ins. Co., 59 Misc 3d 135[A], 2018 NY Slip Op 50500[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), and plaintiff's papers in the Civil Court failed to allege any prejudice (see Barrett v Kasco Constr. Co., 84 AD2d 555, 556 [1981], affd 56 NY2d 830 [1982]; Active Care Med. Supply Corp. v Amica Mut. Ins. Co., 59 Misc 3d 135[A], 2018 NY Slip Op 50500[U]). However, it is uncontroverted that plaintiff was neither named nor served in the Florida declaratory judgment action, and was not in privity with the injured party, as the assignment of benefits had been executed before defendant commenced the declaratory judgment action. As a result, the orders of the Circuit Court of Florida cannot be given res judicata effect as to plaintiff herein, as plaintiff did not have a full and fair opportunity to defend its interests in that action (see Active Care Med. Supply Corp. v Amica Mut. Ins. Co., 59 Misc 3d 135[A], 2018 NY Slip Op 50500[U]; J.K.M. Med. Care, P.C. v Liberty Mut. Fire Ins. Co., 52 Misc 3d 137[A], 2016 NY Slip Op 51071[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, defendant failed to demonstrate its entitlement to summary judgment dismissing the complaint based on res judicata (see Active Care Med. Supply Corp. v Amica Mut. Ins. Co., 59 Misc 3d 135[A], 2018 NY Slip Op 50500[U]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019