In the Matter of WILLIAM J. KELLEY, Petitioner, v TOWN OF COLONIE et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the Town Board of the Town of Colonie dismissing petitioner from his position as police officer with the Town of Colonie. On November 1, 1974 the petitioner, a sergeant having a little less than five years service with the Town of Colonie, was served with five charges, all of which alleged that while off duty on October 4, 1974 he had engaged in conduct prohibited by certain enumerated rules and regulations. Petitioner filed an answer denying those charges and a hearing was held on January 10, 1975. Colloquy at the hearing between counsel for the Town of Colonie and counsel for the petitioner establishes that prior to the hearing the petitioner's counsel had received copies of statements by all of the witnesses other than policemen. While it appears that ordinarily the charges and notice of charges should be far more specific than the ones in the present case in order to assure due process and a fair hearing, the present record demonstrates that in fact the petitioner's counsel and the Town of Colonie had adopted a procedure herein which resulted in full notice to the petitioner of the particular conduct being relied upon and its relation to the various rules and regulations which he had allegedly violated. Accordingly, the petitioner's contention in this proceeding that there was insufficient notice is rejected. The petitioner did not testify and the record conclusively establishes that in the late evening hours of October 4, 1974 and/or the early morning hours of October 5, 1974, the petitioner while off duty entered premises located on Route 9 in Colonie which were operated as a bar and/or nightclub. For a period of about three and one-half hours the petitioner acted belligerently and aggressively towards various patrons and employees of the establishment, which actions culminated in the petitioner twice discharging his pistol into the front door in an attempt to gain entrance to the premises after he had been locked out at about 4:30 A.M. by the employees who were attempting to close. Throughout the above period of time and immediately thereafter while discussing events with policemen called by the employees, the petitioner used profane or obscene language, indicated that his superiors and other members of his police department were incompetent and/or permissive toward the vices of prostitution and gambling, and alleged various police and internal revenue surveillance activities or investigations being directed toward the establishment that he was in and other establishments in its locality. While the

record contains evidence that the petitioner might have been intoxicated during the hours in question, the administrative findings are that he was not and the record contains several characterizations of his conduct and appearance as being irrational but not evidencing intoxication. There is nothing in this record which could reasonably be relied upon to establish that the petitioner indulged in his extraordinary conduct in furtherance of his duties as a policeman and in particular as a detective, having in mind the consideration that such employees are ordinarily considered on duty 24 hours a day and might be conducting police work even though nominally off duty at a particular time and place. The record contains substantial evidence to support the findings of guilt by the hearing officer and by the town board. His contentions that the hearing officer was improperly designated and that the town board did not make the ultimate determination are without any merit. Petitioner contends that certain medical evidence relating solely to his mental condition or stability was improperly admitted at the hearing and relied upon by the hearing officer. The evidence was, however, admitted without objection and it does not appear that it was in fact prejudicial to him. Furthermore, it does not appear that any of the charges against the petitioner were sustained by the administrative officials by reliance upon the medical evidence. Petitioner finally contends that the sanction of discharge from employment is excessive giving due consideration to his prior record as a policeman which admittedly can only be characterized as excellent. Nevertheless, he offered no explanation of his conduct at the hearing and since it involved not only behavior which was clearly disorderly but also the actual use of his firearm, it cannot be said that the Town of Colonie was not justified in terminating his employment. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.