■ In the Matter of CROW-CRIMMINS-WOLFF & MUNIER, Appellant, v DAVID A. SHULMAN, as Commissioner of the Department of Finance for the County of Westchester, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the respondent Commissioner of the Department of Finance for the County of Westchester to pay to petitioner all interest presently in his possession earned on certain United States Treasury notes which petitioner had deposited with respondent pursuant to section 106 of the General Municipal Law, the appeal is from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated March 29, 1982, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Pursuant to section 106 of the General Municipal Law, petitioner, a joint venture, substituted two interest-bearing United States Treasury notes to collect $3,188,175.75 retained by the County of Westchester pursuant to the terms of a public improvement contract between the parties. One of the notes has a par value of $1,050,000, is due March 31, 1983 and bears interest at the rate of 9.25% per annum. The other has a par value of $2,200,000, was due October 31, 1982, and bears interest at the rate of 12⅛% per annum. The evidence establishes that to reimburse the county for sums that it had expended to cure petitioner's alleged contract defaults, the respondent finance commissioner paid it $177,315.50 from specified interest payments on the notes and retained the balance of the interest payments against the $541,058 total cost of a contract entered into between the county and another contractor to perform the work allegedly left undone or improperly performed by petitioner. Petitioner contends, *inter alia,* that the interest on the notes must be paid to it unless and until those notes are sold and are thereby reduced to "proceeds" (see General Municipal Law, § 106). We find no merit to petitioner's contention. Respondent's procedure was the minimum possible intrusion (utilization of two interest payments) and avoided the necessity of the maximum possible intrusion (sale of the $1,050,000 and/or $2,200,000 notes with *permanent* discontinuance of the interest). On review of the entire record, we find that petitioner has not demonstrated that respondent acted improperly, unlawfully or that petitioner has a clear right to the interest moneys in question. Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.

■ In the Matter of MATTHEW GENOVA, Petitioner, v TOWN OF SOUTHAMPTON et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the Town Board of the Town of Southampton as, after a hearing, sustained certain charges of misconduct and dismissed petitioner from his employment as a town police officer. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.