776 F.2d 1560
 Matthew GENOVA, Plaintiff-Appellant,
v.
TOWN OF SOUTHAMPTON, Southampton Town P.B.A., Martin Lang,
Ted Alpert, Thomas Halsey, Chet Walker, Ida Crohen, Anthony
Gill, James Overton, Terry Vail, Warner Hayden, Rodney
Walters, Nicholas Nigosh, Joseph Conlon, Conrad Teller,
Arthur DePetro, Pat Newman, Defendants-Appellees.
 No. 285, Docket 85-7435.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 7, 1985.
Decided Nov. 18, 1985.
 
 John Marshall, Bellmore, N.Y. (Pappas & Marshall), for plaintiff-appellant.
 Yvonne R. Cort, Hempstead, N.Y. (Lawrence, Ciovacco & Walsh, P.C., Robert J. Ciovacco, of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, VAN GRAAFEILAND and MESKILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Matthew Genova appeals from an order of the United States District Court for the Eastern District of New York, Frank X. Altimari, J., dismissing appellant's complaint, which alleged that the Town Board of Southampton had improperly discharged him in 1980 from his job as a police officer. At that time, after a disciplinary hearing before a hearing officer, the Board had accepted the hearing officer's conclusion that Genova had disobeyed orders, but had declined to follow the officer's recommendation that it suspend Genova for 10 days, and instead discharged him. Appellant then brought an Article 78 proceeding in the New York state courts for reinstatement and back pay. The Appellate Division confirmed the Town Board's order on the merits, Genova v. Town of Southampton, 91 A.D.2d 1023, 458 N.Y.S.2d 888 (1983), and appellant's appeal to the Court of Appeals was dismissed as untimely, 62 N.Y.2d 688, 476 N.Y.S.2d 535, 465 N.E.2d 42 (1984). Appellant thereafter brought this action in federal court under 42 U.S.C. Sec. 1983 against the Town and other defendants, seeking punitive and compensatory damages as well as reinstatement. Defendants-appellees then moved for summary judgment. After ruling against them, Judge Altimari reconsidered his decision and, on the authority of Migra v. Warren City School District, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), held that Genova's unsuccessful state court lawsuit precluded the later Sec. 1983 action.
 
 
 2
 Under Migra, supra, 104 S.Ct. at 896, federal courts must give to a New York court judgment the same preclusive effect that New York courts would give to it. Appellant argues that New York claim preclusion doctrine would not bar his Sec. 1983 suit because his prior action did not claim violation of his civil rights and did not seek damages. Appellees argue that appellant's civil rights action is now barred because he could have litigated his constitutional claims in his prior action. Because we find that principles of issue preclusion, or collateral estoppel, require dismissal of appellant's complaint, we need not decide this claim preclusion dispute. The New York courts have held against appellant on factual issues that are central to the constitutional claims he now asserts in federal court. Under Migra, appellant may not relitigate these factual issues in a federal forum if New York law would bar him from doing so in a subsequent suit in state court. See also Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).
 
 
 3
 The gravamen of appellant's constitutional claims is that his superiors attempted to force him to file a false accident report. He apparently made this argument, though not in constitutional terms, at his disciplinary hearing. The hearing officer found, however, that Genova knew or should have known that his original report was inaccurate. The hearing officer, necessarily rejecting appellant's argument that his superiors had ordered him to lie, concluded that Genova's refusal to change the report was unjustified. Appellant then attacked these crucial factual findings in his Article 78 proceeding, and his attack was rejected. Under these circumstances, New York principles of collateral estoppel would prevent appellant from contesting the same factual issues in any later suit against the same parties. See Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 386 N.E.2d 1328 (1979).
 
 
 4
 Appellant argues that he is not so precluded because the factual issues were never submitted to a jury and because he was in a "defensive" posture in the Article 78 proceeding, but is in an "offensive" posture in his Sec. 1983 law suit. Assuming for the moment the accuracy of the latter characterizations, we do not regard either of the suggested distinctions as significant for the purposes of issue preclusion here. Accordingly, under Allen v. McCurry, supra, appellant cannot argue in federal court that his original report was correct or that his superiors pressured him to lie. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 479-485, 102 S.Ct. 1883, 1896-99, 72 L.Ed.2d 262 (1982). Citing McDonald v. City of West Branch, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), appellant also contends that the proceedings before the hearing officer are not entitled to preclusive effect here because the hearing officer was not equipped to handle civil rights issues. In McDonald, the Supreme Court held that an unappealed arbitrator's decision did not preclude a later suit in federal court. McDonald, however, does not apply because appellant has litigated the validity of the Town Board's decision in a state judicial forum.
 
 
 5
 Appellant also contends that the Town Board violated his right to procedural due process by failing to use standards or guidelines in discharging him rather than merely imposing the 10-day suspension recommended by the hearing officer. This argument is also without merit. New York law provides that a Town Board "may," after compliance with certain procedures, dismiss a police officer for wrongful conduct, including disobedience. N.Y.Town L. Sec. 155 (McKinney 1965 & Supp.1985); see Kelley v. Town of Colonie, 50 A.D.2d 1008, 376 N.Y.S.2d 238 (1975). We see no constitutional defect in this grant of discretion or in its exercise here.
 
 
 6
 Appellant also seeks relief from the Town's Police Benevolent Association for its alleged refusal to defend him on the disciplinary charges and from the Town Attorney for his failure to investigate and prosecute the police officers who ordered him to change his report. Finally, he sues several officers for ordering him to do so and for withholding exculpatory documents. Underlying all these claims, even assuming that they assert constitutional grievances, is the single premise that Genova was ordered to lie. Because the prior state court judgment establishes for the purpose of this action that this was not so, there is no basis for appellant's suit against these defendants.
 
 
 7
 The judgment of the district court is affirmed.