10-2323-cv
El-Shabazz v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand eleven.

PRESENT:
> Pierre N. Leval,
> Rosemary S. Pooler,
> > Circuit Judges,
> Denise Cote,[*]
> > District Judge.

_____

W. El-Shabazz,

> *Plaintiff-Appellant*,

> v.                                             10-2323-cv

State of New York Committee on Character
and Fitness for the Second Judicial
Department, Patricia Collins,
individually and in her official

_____

[*] Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

capacity, Leslie S. Nizin, individually
and in his official capacity,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        W. El-Shabazz, *pro se*, South Ozone
                                Park, New York.

FOR DEFENDANTS-APPELLEES:       Barbara D. Underwood, Esq.,
                                Solicitor General; Michael S.
                                Belohlavek, Esq., Senior Counsel;
                                Ann P. Zybert, Esq., Assistant
                                Solicitor General, New York State
                                Office of the Attorney General,
                                New York, New York.

Appeal from a judgment of the United States District Court
for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant, *pro se*, appeals the district court's
dismissal of his complaint alleging violations of 42 U.S.C.
§§ 1981 and 1983; the Fourteenth Amendment of the U.S.
Constitution; Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e *et seq.* ("Title VII"); the Americans with
Disabilities Act of 1990, 29 U.S.C. §§ 12112 *et seq.* ("ADA");
N.Y. Correct. Law Art. 23-A; New York State Human Rights Law,
N.Y. Exec. Law § 296(1); and New York City Human Rights Law,
N.Y.C. Admin. Code §§ 8-102(16), as well as the district court's
denial of his motion for reconsideration brought pursuant to
Federal Rule of Civil Procedure 59(e).  We assume the parties'
familiarity with the underlying facts, the procedural history of
the case, and the issues on appeal.

We review a district court's denial of a motion for reconsideration under Fed. R. Civ. P. 59 for an abuse of discretion. *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re: Sims*, 534 F.3d 117, 132 (2d Cir. 2008)(citation omitted). Generally, district courts will only amend or alter a judgment pursuant to Rule 59 "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni*, 592 F.3d at 120. The denial of a motion for leave to amend the complaint is also reviewed for abuse of discretion. *See Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001). "When the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

Plaintiff-Appellant's contentions are barred by preclusion principles. *See Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010) (noting that this Court "may affirm a district court's dismissal of a complaint on any basis supported by the record."). Federal courts must give a New York state court judgment the same preclusive effect that New York courts would, and if New York law would bar Plaintiff-Appellant from relitigating the claim in a subsequent state-court suit, he may not relitigate those factual

3

issues in a federal forum. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Genova v. Town of Southampton*, 776 F.2d 1560, 1561 (2d Cir. 1985). Under New York law, collateral estoppel precludes a plaintiff from contesting in a subsequent action issues clearly raised in a prior proceeding and decided against that party, irrespective of whether the tribunals or causes of action are the same; New York courts apply collateral estoppel "'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.'" *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002)(quoting *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343,349(1999)); *see also Genova*, 776 F.2d at 1561; *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984).

Here, the crux of Plaintiff-Appellant's federal claims is that Defendants-Appellees engaged in practices that unlawfully discriminated against him, thereby improperly prolonging action on his application. In denying Plaintiff-Appellant's petition and finding "no merit" to his contentions that the Committee "unreasonably delayed action" on his application, the Appellate Division actually and necessarily decided that the Committee had did not engage in discriminatory practices. Because Plaintiff-Appellant raised his discrimination claims in both his state-court petition and request for leave to appeal, he had a full and fair opportunity to litigate the discrimination issues in his

state court proceedings. Accordingly, collateral estoppel bars Plaintiff-Appellant's claims.

Further, because the district court correctly dismissed Plaintiff-Appellant's amended complaint, the court's May 4, 2010 order denying his motion for reconsideration did not constitute an abuse of discretion. Finally, because an amendment to Plaintiff-Appellant's complaint would not have cured the defects, the district court acted within its discretion in denying him leave to amend.

We have considered Plaintiff-Appellant's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5