10-4089-cv
Constantine v. Teachers College

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand eleven.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.
> > *Circuit Judges*.

─────────────────────────────────────────

MADONNA CONSTANTINE,

> *Plaintiff-Appellant*,

> v.                                                                No. 10-4089-cv

TEACHERS COLLEGE, THE TRUSTEES OF
TEACHERS COLLEGE OF COLUMBIA
UNIVERSITY,

> *Defendants-Appellees*.

─────────────────────────────────────────

FOR APPELLANT:          PAUL GIACOMO, JR., Law Offices of Paul Giacomo, Jr., New York, New York.

FOR APPELLEES:          TARA EYER DAUB (Michael S. Cohen, *on the brief*), Nixon Peabody LLP, Jericho, New York.

─────────────────────────────────────────

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Madonna Constantine appeals from the district court's (Rakoff, *J.*) grant of summary judgment to Defendants-Appellees Teachers College and its Trustees (the "College"), and its denial of Constantine's motion for partial summary judgment, on Constantine's claims of employment discrimination and retaliation under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law, N.Y. Exec L. § 290 *et seq.*; and the New York City Human Rights Law, N.Y.C.R.R. § 8-101. In principal part, Constantine challenges the district court's finding that her claims are barred by collateral estoppel, as she previously contested her termination from the College in an Article 78 proceeding in New York state court. The state court determined, *inter alia*, that on the issue of the propriety of Constantine's termination, the College's finding that she "committed plagiarism and fabricated documents that she presented in her defense was supported by the evidence." *Constantine v. Teachers College*, 924 N.Y.S.2d 789, 789 (App. Div. 1st Dep't 2011). Constantine also challenges some of the court's discovery rulings as well as its denial of her motion for recusal. Because she does not challenge the court's dismissal of her hostile work environment or state breach of contract claims, those claims are waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of summary judgment, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), which is appropriate only if "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Similarly, we review a district court's application of the doctrine of collateral estoppel under a *de novo* standard. *See Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 93 (2d Cir. 2000).

"The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the parties or their privies." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (internal quotation marks and emphasis omitted). This doctrine applies equally to judgments by New York state courts, to which a federal court must give "the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996). "In New York, collateral estoppel has two essential elements. 'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (quoting *Juan C. v. Cortines*, 89 N.Y.2d 659, 667 (N.Y. 1997)). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issues." *Evans v. Ottimo*, 469 F.3d 278, 281-82 (2d Cir. 2006) (internal quotation marks omitted).

Constantine's two principal arguments are: (1) she did not have a full and fair opportunity to litigate the issues in the Article 78 proceeding because the state court did not have before it most of the evidence she obtained during discovery in her federal action; and (2) she should not be precluded by the decision in the Article 78 proceeding because the standard of proof that she faced in that action was higher than what she would need to satisfy to prove her claim in federal court. We reject both arguments. Contrary to Constantine's assertion, much of the evidence she now identifies was considered by the state court in its decision denying her motion to vacate, and there, the court found that evidence non-dispositive. *See Constantine v. Teachers College*, No. 113663/09, 2011 N.Y. Misc. LEXIS 2572 (N.Y. Sup. Ct. May 27, 2011). Moreover, even if the state court did not consider this evidence, discovery was available to her in that proceeding, *see* N.Y.C.P.L.R. § 408, and her failure to avail herself of that procedure does not render the proceeding unfair. *See Moccio v. N.Y. State Office of Court Admin*, 95 F.3d 195, 200 (2d Cir. 1996) ("[T]he general inability to obtain in the Article 78 proceeding all the discovery [plaintiff] might be entitled to in federal court . . . [does not] diminish the full and fair opportunity [plaintiff] had to litigate these issues in the Article 78 proceeding"), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) (holding, in the context of determining whether a state judgment should have preclusive effect on a subsequent federal action, that plaintiff's "fail[ure] to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy"). Finally, that Constantine acquired evidence during discovery in her federal action that was not available to her during her Article 78 proceeding does not establish that she was denied a full and fair opportunity to litigate in that proceeding.

Constantine characterizes this evidence in her reply brief as "reveal[ing] that the pretext for job actions taken against [her] was entirely false and establish[ing] that the true reason for the job actions was discrimination and retaliation." Contrary to her assertions, however, the evidence she identifies does not support her claims. For instance, a July 2006 letter from the then-President of Teachers College is of little value to her because the former President specifically noted that he had not assessed the plagiarism allegations that are central to the case. And the two reports by computer forensic experts that she identifies actually cast doubt on the authenticity of the documents she submitted in her defense. Given the unhelpful nature of this evidence, therefore, its asserted unavailability during the Article 78 proceeding does not support her argument that she was denied a full and fair opportunity to litigate in that proceeding.

We also reject Constantine's argument regarding the different standard of proof between the Article 78 proceeding and her federal action. Analyzing the leading New York Court of Appeals cases on issue preclusion, we previously concluded that even "a shift in the burden of proof is not dispositive as to whether collateral estoppel can be applied." *Kosakow v. New Rochelle Radiology Associates., P.C.*, 274 F.3d 706, 732 (2d Cir. 2001); *see id.* (observing that in such cases the Court of Appeals "did not mention the burden of proof, let alone describe it as a dispositive factor"). We note as well that numerous courts in this Circuit have given issue preclusive effect to the decisions of Article 78 courts in similar circumstances. *See, e.g.*, *Genova v. Town of Southampton*, 776 F.2d 1560, 1561 (2d Cir. 1985); *Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 787 (S.D.N.Y. 2003).

Separate from the above, Constantine suggests in her reply brief that Defendants failed to demonstrate that the issues decided in the state proceeding are decisive of those in her federal

action.  Because Constantine did not advance this argument in her opening brief, it need not be considered.  *See Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived."); *see also In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) ("We generally do not consider issues raised in a reply brief for the first time because . . . an appellee may not have an adequate opportunity to respond to [them].") (internal quotation marks and citation omitted).  Even if considered, however, this argument lacks merit.  Constantine concedes that she relied on allegations of racial and gender discrimination and retaliation in her Article 78 proceeding—the very allegations she relied on in the federal action here—and the state court necessarily determined that those claims were meritless in denying her petition.  *See Vargas v. City of New York*, 377 F.3d 200, 207-08 (2d Cir. 2004).  That determination thus precludes her from prevailing on her claims of racial discrimination or retaliation.

As a final matter, following an independent review of the record, we find no abuse of discretion in the district court's denial of Constantine's motions for recusal, to compel production of documents, and for spoliation sanctions.  *See LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (reviewing the denial of a recusal motion for abuse of discretion); *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007) (reviewing motions for spoliation sanctions under the same standard); *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994) ("Discovery rulings are reviewed for abuse of discretion.").

We **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-6-