14-3189-cv
Dutrow v. New York State Gaming Commission

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fifteen.

PRESENT: ROBERT D. SACK,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges*,
 TIMOTHY C. STANCEU,[*]
  *Judge*.

------------------------------------------------------------------------

RICHARD DUTROW, JR.,

 *Plaintiff-Appellant*,

 v.    No. 14-3189-cv

THE NEW YORK STATE GAMING COMMISSION, successor in interest to, THE NEW YORK STATE RACING AND WAGERING BOARD, JOHN SABINI, in his official and individual capacities, DANIEL D. HOGAN, in his official and individual capacities, CHARLES J. DIAMOND, in his official and individual capacities, THE ASSOCIATION OF RACING COMMISSIONERS INTERNATIONAL, JOHN AND JANE DOES, said names being fictitious and unknown to the Plaintiff,

 *Defendants-Appellees*.

------------------------------------------------------------------------

[*] Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ALAN E. SASH, McLaughlin & Stern, LLP, New York, NY (Steven J. Hyman, Jonathan R. Jeremias, McLaughlin & Stern, LLP, New York, NY; Law Offices of Mitchell C. Elman, P.C., Port Washington, NY, *on the brief*). |
| FOR DEFENDANTS-APPELLEES THE NEW YORK STATE GAMING COMMISSION, THE NEW YORK STATE RACING AND WAGERING BOARD, JOHN SABINI, DANIEL D. HOGAN, AND CHARLES J. DIAMOND: | VALERIE FIGUEREDO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*) *for* Eric. T. Schneiderman, Attorney General of the State of New York, New York, NY. |
| FOR DEFENDANT-APPELLEE THE ASSOCIATION OF RACING COMMISSIONERS INTERNATIONAL: | JEREMIAH A. BYRNE, Frost Brown Todd LLC, Louisville, KY (Matthew C. Blickensderfer, Frost Brown Todd LLC, Cincinnati, OH, *on the brief*). |

Appeal from a July 29, 2014 order of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Richard Dutrow, Jr. appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*), granting Defendants-Appellees' motion to dismiss. Dutrow brought claims under 42 U.S.C. § 1983 and New York state tort law against Defendants-Appellees the New York State Gaming Commission (successor in interest to the New York State Racing and Wagering Board ("RWB")), John Sabini, Daniel D. Hogan, Charles J. Diamond, and the Association of Racing Commissioners International ("ARCI"), alleging that they violated his due process rights during an administrative proceeding in which his horse training license was revoked. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of Defendants-Appellees' motion to dismiss under Rule 12(b)(6). *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). Upon such *de novo* review, we affirm for substantially the reasons stated by the district court in its July 29, 2014 Memorandum and Order.

2

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Thus, New York collateral estoppel principles apply here.[1] Under New York law, issue preclusion will prevent relitigation of an issue if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of New York*, 377 F.3d 200, 205-06 (2d Cir. 2004).

In his Article 78 petition before the New York State Supreme Court, Appellate Division ("Appellate Division"), Dutrow claimed a cause of action that: "The Board's decision was made in violation of lawful procedure and rendered in violation of Mr. Dutrow's due process rights." App'x 151. Dutrow argued that his due process rights were violated in three ways: (1) by a conflict of interest stemming from Sabini's serving on ARCI, which advocated revocation of his license, and Sabini's chairing of RWB; (2) by RWB's decision to revoke Dutrow's license as a result of that conflict of interest, or a desire to retaliate against Dutrow for appealing the ninety-day suspension previously imposed, or both; and (3) by RWB's applying statutory and regulatory standards that were unconstitutionally vague. App'x 151-60. In support of his due process claim, Dutrow alleged in his Article 78 petition, among other things, that Sabini "never denied the conflict [of interest], nor explained or addressed his dual roles"; that Sabini "refused" to provide an explanation as to why he declined to recuse himself; that the hearing officer "refused to address the request that Chairman Sabini be recused"; that the hearing officer "never personally responded to th[e] recusal request"; and that the hearing officer "failed to fulfill his duties in a way that comported with due process" because he "deci[ded] to deny the due process motion without any analysis or reasoning" and "fail[ed] to produce a written decision" on the recusal motion. App'x 147, 154, 158.

In dismissing Dutrow's due process claim, the Appellate Division did not explicitly state that the hearing officer acted appropriately in declining to resolve whether Sabini's alleged conflict tainted the license-revocation proceeding. Similarly, the Appellate Division did not explicitly state that Sabini was not required to provide an on-the-record response to Dutrow's request for recusal. But given that Dutrow clearly raised these issues as part of his due process claim in his Article 78 petition, the Appellate Division

---

[1] Dutrow argues that proceedings under Article 78 of New York's Civil Practice Law and Rules do not preclude subsequent federal civil rights actions. Although claim preclusion, or res judicata, "generally does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter," *Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir. 1995), collateral estoppel bars relitigation of *issues* decided in Article 78 proceedings. *See, e.g.*, *Constantine v. Teachers Coll.*, 448 F. App'x 92, 93 (2d Cir. 2011) (summary order).

necessarily determined that the actions of the hearing officer and Sabini during the proceeding did not violate Dutrow's due process rights when it concluded that he was not "denied a fair hearing." *Dutrow v. N.Y. State Racing & Wagering Bd.*, 97 A.D.3d 1034, 1036 (N.Y. App. Div. 2012).

In any event, Dutrow's complaint makes clear that his § 1983 claim was not, as he argues on appeal, merely that the procedure for determining whether there was bias violated his due process rights. Rather, the complaint alleges that Dutrow was denied due process because "Sabini was a participant in the decision of ARCI to cause Dutrow's license to be revoked"; "Sabini was on both sides of the equation (prosecutor and decision maker)"; ARCI's actions "were inextricably entwined with those of Sabini and the RWB"; and Sabini's discretion to impose a penalty was "unreasonably affected by the actions of ARCI while Sabini was its Chairperson of the Board-Elect." App'x 19-21. Dutrow's effort on appeal to recast his underlying injury as a distinct claim—specifically, that the process of determining whether the proceeding was procedurally unsound was, itself, procedurally unsound—is merely an attempt to recast the question of whether Sabini's involvement in the proceeding constituted a due process violation, the answer to which was already decided by the Appellate Division: It did not.

In sum, when the Appellate Division decided that Dutrow was not denied a fair hearing, it actually and necessarily decided the issue of whether the hearing officer's and Sabini's actions during the proceeding constituted due process violations. And because Dutrow had a full and fair opportunity to litigate that issue (and did litigate that issue) in the Article 78 proceeding, he was collaterally estopped from relitigating it before the district court. *See Vargas*, 377 F.3d at 205-06. Dutrow also claimed to have been deprived of due process when RWB refused to hold a hearing and create a record upon which the Appellate Division could review the allegation of Sabini's bias and conflict of interest. App'x 21-22. This issue, too, the Appellate Division actually and necessarily decided when it decided that Dutrow was not denied a fair hearing. Although Dutrow did not directly raise the issue before the Appellate Division, he nevertheless had a full and fair opportunity to do so; as a result, collateral estoppel applied to preclude him from relitigating the issue.

We have considered Dutrow's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4